NEW-YORK,
May, 1811.

MILLER
v.
MILLER.

MILLER *against* M. MILLER.

*In an action of slander, it is sufficient to prove the substance of the words laid in the declaration. Where the defendant said " my watch has been stolen in M.'s bar room, and I have reason to believe that T. took it, and that her mother (M.) concealed it; it was held that these words were actionable.*

IN error, from the court of common pleas of *Rens-selaer* county. The defendant in error brought an action of slander against the plaintiff in error, in the court below, for speaking the following words: " *Tina Miller* has stolen my watch, and *Polly Miller* (meaning the plaintiff below) has concealed it for her." In the second count, the words charged were " my watch was stolen out of the widow *Miller's* (plaintiff's) bar, and *Tina Miller* took it, and her mother (plaintiff) concealed it." From the record it appeared, that there was a trial by jury, who found a verdict for the plaintiff, for 35 dollars damages, and six cents costs, on which the court gave judgment. In the assignment of errors, it was stated, that there had been a demurrer to the evidence, but it did not appear that the plaintiff joined in it, or that it was allowed. There was a variance of six cents between the judgment of the court, and the calculation of the whole amount of damages; the judgment being for the damages assessed by the jury, and 50 dollars costs of increase, amounting in the whole to 85 dollars, omitting the six cents.

The proof at the trial was, that the defendant below said that his watch had been stolen from him, in the plaintiff's bar room, and that he had reason to believe that *Tina Miller* took it, and that her mother (the plaintiff) concealed it.

The counsel agreed that the court might consider, whether the evidence contained in the demurrer was sufficient to warrant the finding of the jury, unembarrassed by any objection as to the form in which it came before the court.

*Russel,* for the plaintiff in error.

*Foot*, contra.

*Per Curiam.* Two questions arise in this cause.

1. Do the words, as proved, support the charge in the declaration, and are they actionable?

2. What is the effect of the miscalculation in the total amount of damages.

It is now sufficient to prove the substance of the words, and the sense, as well as manner of speaking them, must be the same. (*Bull. N. P. 5. Esp. Dig.* 321.)

If words are charged to be spoken in the third person, as he, &c. and the proof be of words in the second person, as you, &c. the proof will not support the declaration, there being a difference between words spoken in a passion, to a man's face, and deliberately behind his back.

The defendant below made a positive charge that his watch had been stolen in the bar of the plaintiff below, and he added that he had reason to believe that *T. Miller* had taken it, and that her mother (the plaintiff below) had concealed it. The assertion that he had reason to believe that the one took, and the other concealed it, is equivalent to the charge that the one stole or took it, and the other concealed it. In the case of *Oldham* v. *Peake*, (2 *Bl. Rep.* 961.) the words were, " I am thoroughly convinced that you are guilty," &c. and it was held by *Gould* and *Blackstone*, Justices, that they were equal to a positive averment, for that a man only avers a thing, because he is convinced of the truth of it. So, in this case, the allegation that his watch had been stolen, and he had reason to believe, &c. amounts to a positive averment; for a man only alleges a thing to be so, because he has reasons for believing it so. In *Stick* v. *Wisedome*, (*Cro. Eliz.* 348.) the words were " many an honester man has been hanged, and a robbery hath been committed, and I think he was at it, and I think he is a horse-steal-

er." It was moved in arrest of judgment, that the words were not an express averment; but the court held the contrary, and gave judgment for the plaintiff. There are many other cases to the same effect.

It is not necessary in order to render words actionable, that there should be the same certainty in stating the crime imputed, as in an indictment for the crime. It was not, therefore, requisite in this case to allege or prove that the plaintiff in error, when she concealed the watch, knew it to be stolen. The slanderous words import a criminal concealment of the watch by the defendant in error. The case of *Fiese* v. *Linder*, (3 *Bos. & Pull.* 372.) differs greatly from this case. There the charge was, that the plaintiff " had brought a false bill of lading for half the cargo already." The court held that to bring a forged bill of lading might or might not be an innocent thing, and that the declaration contained no sufficient charge, showing that the words were used in a bad sense : but in the present case, we must construe the charge of concealing the watch with the precedent words, which averred that it had been stolen out of the bar of the plaintiff below, by her daughter, and so construing the words, they do impute criminality.

The variance of six cents in the *toto attingens*, is in favour of the plaintiff in error. He is not, therefore, grieved by the mistake; and it would be unjust to reverse a judgment for a fault in favour of the party bringing the writ of error.

Judgment affirmed.