*JACKSON, ex dem. Genet and others *vs.* WOOD.          [ *443 ]

Since as before, the revised statutes, a plaintiff in ejectment is entitled to recover *mense profits* only for the period of six years; and now he is limited to that period, although the *statute of limitations* be not pleaded.

In ascertaining the *mense profits* or the rents of premises situate in the city of New-York, *interest* may be computed upon rents from the expiration of the quarter-days, instead of the expiration of the year.

MENSE profits in ejectment.   In May term, 1835, the plaintiff recovered judgment in this court in an action of ejectment brought for the recovery of certain premises situate in the city of New-York, which judgment was *affirmed* in the court for the correction of errors on the 30th December, 1837, and the proceedings remitted to this court.   The plaintiff thereupon made a *suggestion upon the record* that he claimed from the defendant $20,000, in which sum he alleged the defendant was indebted to him for the use and occupation of the premises specified in the first count of the declaration in ejectment, from 16th March, 1818, until 4th May, 1835, when the judgment of this court was rendered, during all which time, the plaintiff alleged, the defendant enjoyed the *mesne profits* of the premises recovered, the value of which profits he alleged amounted to the said sum of $20,000, and then set forth a promise.   The plaintiff also claimed $5000 for the use and occupation of the premises from 4th May, 1835, to 1st March, 1838, during which time he was delayed in having execution by the prosecution of the writ of error.   Similar suggestions were made under other counts in the declaration in ejectment.   The defendant pleaded *non assumpsit* to the suggestions, and gave notice with his plea that on the trial of the cause he would prove that during his occupation of the premises he had made *perma-*

*nent improvements* to an amount equal to the plaintiff's claim. The cause was heard by *referees*, who made a *special report*, that if the plaintiff was entitled to recover mesne profits from 1st March, 1822, the day [ *444 ] · when the defendant went into possession of the *premises, the sum due to the plaintiff was $13,800 : but if the plaintiff was only entitled to recover *for the period of six years* next before the rendition of the judgment in this court in the action of ejectment, and *for the period of two years and seven months* thereafter, during the pendency of the writ of error, then the sum due to the plaintiff was $7,289,04. The referees also reported that they had *computed interest upon the rents* from the expiration of each quarter-day, and that if the court should be of opinion that the interest should be computed from the expiration of each year, and not from the expiration of each quarter-day, then the above sums should be reduced, in the one case to $13,509, and in the other to $7,159,04.

*S. Stevens*, for the plaintiff, on the coming in of the report, moved for judgment for the largest sum specified in the report.

*J. Slosson* and *B. F. Butler*, contra.

*By the Court*, NELSON, Ch. J. The important question in the case is, whether the plaintiff is entitled to recover for mesne profits beyond six years.

Before the revised statutes, it was well settled, that in the action of trespass, the claim could not be extended beyond that length of time before commencement of the suit. *Bull. N. P.* 568. *Saund. Pl. and Ev.* 668. 8 *Wendell*, 599. 13 *Johns. R.* 50. But it was necessary to plead the statute of limitations.

A suggestion upon the record of judgment in ejectment is now substituted *in lieu* of the action of trespass. 2 *R. S.* 236, § 44, 54. And it seems reasonable to conclude, unless there is something in these provisions extending *the time* beyond which a recovery could formerly be had, that the old rule in this respect was not intended to be altered. The reasons for the limitation are as applicable to the new as to the old remedy. But we are not left to construction or conjecture as to the intention of the legislature ; [ *445 ] for the 50th section declares that the plaintiff shall not be entitled *to recover the rents and profits of the land recovered, for any *longer term* than six years.

It has been argued that this was intended to limit the right to mesne profits which had accrued previous to the commencement of the ejectment ; that the suggestion is but a *continuation* of that suit, and therefore carries the claim, as of course, back to that period. This statute remedy is suppos-

ed to be analogous to the one in the old action of ejectment, in which dama-
ges were recoverable.    I see nothing in the provisions of the statute warrant-
ing this view.    The principle contended for is entirely new in this state,
and if the legislature had intended to engraft it upon our law, it is but rea-
sonable to suppose, they would have distinctly put it forth.    For a long time,
perhaps soon after the plaintiff was allowed to recover the term in ejectment,
it has been regarded as an action for the trial of *the title only*, and the dam-
ages were merely nominal.    *Selw.* 510, 567.    *Van Alen* v. *Rogers*, 1
*Johns. Cas.* 283.    *Bull. N. P.* 88.    2 *Bacon*, 437.    The case of *Van
Alen* v. *Rogers* shews that as early as 1800, the action of ejectment was
thus understood by this court.    Very express provisions, therefore, might
be expected, if it had been intended to revive this long exploded practice.

It is also apparent from the provisions preceding the 50th section, that
the restriction was intended to limit the recovery to the six years.    They
prescribe the mode in which the issue shall be formed in pursuance of the
suggestion, and the principles that shall govern the trial.    The plaintiff is
required to establish, and the defendant may controvert the time when he
entered into possession, and during which he enjoyed the mesne profits, and
the value thereof; he may set off permanent improvements, &c.    The 50th
section then follows, declaring the plaintiff shall not be entitled to recover
the rents and profits for a longer term than six years, obviously enough re-
ferring to the whole time for which a recovery may be had in pursuance of
these proceedings by suggestion.

But it is urged if this remedy be intended simply as a substi-
tute for the action of trespass, then the plaintiff is entitled *to      [ *446 ]
recover for the longest period in this particular case, because the
statute of limitations has not been pleaded.    This is true, unless the revised
statutes have dispensed with the plea in respect to this proceeding.    I am
of opinion they have.    The principle of the 50th section enters into and
governs the remedy here given to the plaintiff; it is an express restriction
upon him, and forms part of the system.    He can no more go beyond it on
an objection, than he can recover the mesne profits without complying with
the requisites prescribed in the 48th section.    The language of the general
statute of limitations is altogether different; it refers to the *time* within
which the respective actions shall be commenced.    This declares the plain-
tiff shall *not be entitled to the rents and profits for a longer term than six
years;* and if we may refer to the revisers' notes, the section was made thus
explicit to avoid the necessity of pleading the statute.

As rents in the city of New-York, where these premises are situate, are
payable at the usual quarter days, 1 *R. S.* 736, I think the referees, in as-
certaining the value of the mesne profits, were warranted in adding to the
annual rent, the interest quarterly.    So much the plaintiff has lost, and the

defendant enjoyed, by means of the wrongful possession. The aggregate sum for the six years constitute the exact mesne profits upon the basis of the annual rents agreed upon. I think the plaintiff therefore entitled to judgment for $7.289,04.

Judgment accordingly.