Parker, J,
 

 The judge found the fact that after the leasing of the premises for one year, viz: from the first day of May, 1847, to the 1st of May, 1848, by a written lease, not under seal, at a rent of $200, payable quarterly, and after the defendant had entered into possession under such agreement, before any rent had become payable, the plaintiff entered upon the premises and evicted the said tenant from a part thereof, which eviction continued during.the whole residue of the term of the hiring.
 

 It is contended by the plaintiff’s counsel, that although such
 
 *210
 
 an eviction would be a bar to an action on the agreement to pay rent, yet that it is no bar to an action under the statute to recover a reasonable sum for the use and occupation, if the tenant continue to occupy a portion of the premises aftdr such eviction from a part. There is no reason for such a distinction, nor can it be sustained by authority. The rule is, that if the landlord enter wrongfully upon or prevent the tenant from the enjoyment of a part of the demise.d premises, the whole rent is suspended till the possession is restored.
 
 (The Fitchburg
 
 Corp
 
 oration
 
 v. Melven, 15
 
 Mass. R.
 
 268.) Nelson, Ch. J., saidf in
 
 Lawrence
 
 v. French, (25
 
 Wend.
 
 445,)
 
 “
 
 his (the landlord’s) title is founded upon this, that the land leased is enjoyed by the tenant during the term : if therefore, he be deprived of it, the obligation to pay ceases.” And Spencer, senator, in
 
 Dyett
 
 v. Pendleton, (8 Cowen, 731,) states as the reason for the rule, “ as to the part retained, this is deemed such a disturbance, such an injury to its beneficial enjoyment, such a diminution of the consideration upon which the contract is founded, that the law refuses its aid to coerce the payment of any rent.” It would be a palpable evasion of the rule and of the penalty the law imposes upon the landlord for a wrongful eviction, to hold that he may recover for use and occupation on a
 
 quantum meruit,
 
 when he is not permitted to recover on the agreement itself.
 

 The exception to the rule is where a part is recovered by title paramount to the lessor’s; for in that case he is not so far considered in fault, as that it should deprive him of a return for the part remaining.
 
 (Lawrence
 
 v.
 
 French, 25 Wend.
 
 445; 8
 
 Bac. Abr.
 
 514,
 
 tit. Rent,
 
 L. ;
 
 Gilbert on Rents,
 
 173.) And where the tenant enters, but is prevented from obtaining the whole of the premises, by a person holding a part under a
 
 prior lease
 
 executed by the landlord, it has been placed upon the same footing as an eviction by title paramount, and the landlord has been permitted to recover for use and occupation on a
 
 quantum meruit. (Lawrence
 
 v.
 
 French,
 
 25
 
 Wend.
 
 443;
 
 Ludwell
 
 v.
 
 Newman,
 
 6
 
 Tenn. R.
 
 458;
 
 Tomlinson
 
 v.
 
 Day, 2 Brod. & Bing.
 
 680.)
 

 
 *211
 
 I know the rule has been laid down in some of the elementary books,
 
 (Story on Cont.
 
 § 657 ;
 
 Taylor Lan. & Ten.
 
 443,) to be that when the rent is entire and the landlord evicts the tenant during his term out of part of the premises, he may abandon the residue, and is not chargeable for the occupation of any part; but that if the tenant still continue to occupy the residue, he is chargeable upon a
 
 quantum meruit.
 
 The rule has been thus stated on the authority of two
 
 nisi prius
 
 cases, viz:
 
 Smith
 
 v.
 
 Raleigh,
 
 (3 Camp. 513,) and
 
 Stokes
 
 v. Cooper, a case not reported but referred to in a note to the same case, as having been decided by Dallas, J., at the Worcester Lent Assizes. In
 
 Smith
 
 v.
 
 Raleigh
 
 it appeared the tenant abandoned the premises after being evicted from a part, but the decision was not put by Lord Ellenborough on that ground, and I think the tenant would equally have been entitled to judgment, if he had remained in possession of the residue. The only case that can be found favoring the idea that a tenant who remains in possession of the residue during the term, after an eviction from part, is chargeable, is that of
 
 Stokes
 
 v.
 
 Cooper,
 
 above cited. And that is not sufficiently reported to enable us to know what were the facts of the case; and if it were so, it would be entitled only to the weight due to a hastily made decision at the circuit. If the decision was what it is claimed to have been, it is at war with the rule of law as it has been generally stated in well considered cases. The consequence of an eviction from part is not merely a discharge of the tenant from the rent, provided he abandons the residue, but it is a discharge of the tenant from any rent or liability for the occupation, of the residue during the term of' hiring. In
 
 Dyett
 
 v.
 
 Pendleton,
 
 (8
 
 Cowen,
 
 731,) Spencer, senator, said,
 
 “
 
 this distinction, which is as perfectly well settled as any to be found in the_books,' establishes the great principle that a tenant shall not be required to pay rent,
 
 even for the part of the premises which he retains,
 
 if he has been' evicted from the other part by the landlord,” and the rule as recognized in other cases and generally stated in the treatises is, that an eviction from part will operate as a suspension of the whole.
 
 *212
 
 (24
 
 Wend.
 
 445;
 
 Comyn’s Land & Ten.
 
 524 ; 2
 
 Saund. Pl. & Ev.
 
 630.)
 

 I suppose it is the right of the tenant under such circumstances to remain in possession of the residue during the term, and that he can neither be made liable on the original lease nor in an action for use and occupation, unless he holds over after the expiration of his term.
 

 If I am right in this conclusion, the wrongful eviction of the defendant was a bar to the plaintiff’s right of recovery «for the use of the premises in any form, and it is not necessary to consider whether, or to what extent, the litigation of the same subject matter or of three-fourths of it at least, in the former action, would have constituted a good defenses»
 

 There are no questions properly before us for examination, except those presented by the bill of exceptions. We cannot review the decision of the court below, on the motion to set aside the judgment, on the grounds of surprise and irregularity. These were matters of discretion, and did not involve the merits. I think the judgment of the court below should be affirmed.
 

 Gardiner, Ch. J., also delivered an opinion in favor of affirmance.
 

 Judgment affirmed.