ALICE E. MOORE, BY HER NEXT FRIEND SARAH MOORE v. LUTHER BUTLER AND ABIGAIL HIS WIFE.

A statement or publication, fairly and honestly made by a person in the discharge of some public or private duty, whether legal or moral, comes within the class of privileged communications; such communication being made in confidence and kindness, and by a party not actuated by any malicious motive.

To maintain an action for slanderous words spoken, the plaintiff is bound to make out probable malice in the defendant. It is properly a question for the jury to determine, under the evidence, whether the words were maliciously spoken with an intent to defame, or were uttered in good faith, from proper motives, and for a proper purpose, or justifiable ends.

So where the meaning of the party is doubtful, or the words are ambiguous, or whether the hearer understood them in an actionable sense, these are proper questions for the jury.

It is sufficient to prove the substance of the words spoken, and to show the sense and manner of speaking them.

Where the words are actionable in themselves, and false, a malicious intent in publishing them is an inference of law, and, therefore, needs no proof.

Generally the admissions of a guardian, or of an executor or administrator, made before he was clothed with that particular trust, or of a *prochein amy*, made before the commencement of the suit, cannot be received. A married woman, and a party in the case, cannot be a witness therein.

THIS was an action of slander for words spoken by the said Abigail. There were three counts in the declaration, one charging words spoken in presence and hearing of said Sarah Moore and others, another charging words spoken to said Alice in presence and hearing of others, and the other charging words spoken in presence and hearing of Rebecca M. Crosby and others.

When the plaintiff had introduced her evidence and rested her case, defendant moved for a nonsuit on the ground that all the words spoken at the three several times were privileged communications, and not actionable.

It appeared that said Sarah Moore was the mother of Alice, who lived near to defendants; that said Alice had been at work at the defendants' house; that Mrs. Butler missed a sheet from a drawer in a bureau in the room occupied by said Alice while thus at work for defendants; and that the words complained of were alleged to contain a charge against said Alice of stealing said sheet, and having it made *into a* skirt for said Alice. It appeared that the words spoken in the presence of Mrs. Sa-

rah Moore were with her alone, and not in the presence or hearing of any other person, and the court held that this was, under the circumstances disclosed, a privileged communication, and not actionable.

The second conversation was between Mrs. Butler and said Alice, and no one was present; but it appeared that three of Mrs. Butler's children were in another room, where they might have overheard their mother's words. These children of Mrs. Butler were an unmarried son and daughter, some fourteen and eighteen years of age, and a married daughter who resided at the West, who was at that time at home on a visit.

The court ruled that these words, though they might have charged the commission of the crime of larceny upon Alice, were not actionable in this case, though the charge may have been maliciously made, if no one but Alice heard them; but that if these words were uttered with malice, and were heard by Mrs. Butler's said children, the words would be actionable, even though Mrs. Butler did not know at the time that what she said was overheard by any one, or intended that they should be, and left the fact as to whether anybody but Alice heard the words to the jury, to which ruling defendants excepted.

The count charging words spoken in presence and hearing of Mrs. Crosby alleged that Mrs. Butler there said "she" (meaning the said Alice) "took the sheet," (meaning &c.)   "The skirt" (meaning &c.,) "is my sheet," (meaning &c.)   "I" (meaning &c.) "can account for the loss of my sheet," (meaning &c.,) "in no other way except Alice" (meaning &c.,) "took it."   "I" (meaning &c.,) "have no doubt she" (meaning said Alice) "took it."

The words testified to by Mrs. Crosby, as spoken in her hearing, were as follows:   "Mrs. Butler said that the skirt was made from her sheet; that she had lost a sheet and could account for it in no other way only that Alice took it; she said it was her sheet and Alice took it."

Two other witnesses testified to the same conversation, giving it in substance the same as Mrs. Crosby, except that they stated that Mrs. Butler said *she thought* the skirt was made from her sheet, and *she thought* that Alice took it.   Defendants objected that the words proved under this count were not the same words either in fact or in substance as those alleged in the count, and that the evidence did not sustain the declaration in this respect.   But the court ruled that the words proved were sufficient to sustain the count in either form as stated by the witnesses, to which defendants excepted.   One of the above witnesses stated that Mrs. Butler said *she thought*, &c., in reply to a remark by Mrs. Crosby that "it was hard to accuse one of stealing unless you are sure." This conversation was in presence of Mrs. Sarah Moore and Mr. Butler, (defendant,) and Mrs. Crosby, who was shown to be a sister-in-law of Mrs. Moore, and an aunt of Alice, and known as such to the defendants, who went to Mrs. Butler with Mrs. Moore on this occasion and took part in the conversation, and tried to convince Mrs. Butler that Alice did not take her sheet.   Defendants asked the court to rule that under these circumstances the statement made by Mrs. Butler was a privileged communication, but the court ruled otherwise, and defendants

excepted. The court charged the jury that if the words were uttered in the presence of Mrs. Crosby as charged, the law would ordinarily presume malice, but that this presumption might be rebutted, and that they were to judge, under all the circumstances in this case, whether the words were maliciously spoken or not, to which ruling defendants excepted.

At the conversation between Mrs. Butler and Mrs. Moore, which the court held to be a privileged communication, after Mrs. Butler had stated that she had lost a sheet and the circumstances, and that she suspected that Alice had taken it and had a skirt made from it, Mrs. Moore explained to Mrs. Butler that the new skirt Alice had was made by herself, (Mrs. Moore,) from one of her own sheets which was made from the same web of cloth with two other sheets which Mrs. Moore then had, one of which she then showed to Mrs. Butler; and the court instructed the jury that though what Mrs. Butler said at this time, under the circumstances disclosed was privileged and not actionable, and, was not to be considered by the jury at all as a ground for any damage, yet that they might consider the circumstance of her receiving said information from Mrs. Moore, at that time, and the credit which Mrs. Butler gave to it, and the credit which she ought to have given to it, under all the circumstances, in judging of the existence of malice on the part of Mrs. Butler in making the statement she did in the presence of Mrs. Crosby, to which defendants excepted.

The court also instructed the jury that they might consider the conversation between Mrs. Butler and Alice, (even though no one else heard it but themselves, and though the words for that reason were not actionable,) and the spirit and temper and motive, that induced Mrs. Butler to charge her with taking her sheet, and all the circumstances under which the charge was made, as tending to show whether she was actuated by malice in uttering the words subsequently spoken in hearing of Mrs. Crosby, and defendants excepted.

Defendants offered to prove that Mrs. Sarah Moore, the *prochein amy* in this case, said to Mrs. Butler, after all the alleged slanders, that she was satisfied that Mrs. Butler in what she had said respecting Alice and the sheet, though she was mistaken, had not intended to injure Alice. This was offered as an admission of the party, but was rejected by the court, and defendants excepted.

Defendants also offered Mrs. Butler, one of the defendants, as a witness, but was objected to as being the wife of the other defendant, and the court excluded her and defendants excepted.

Defendants pleaded the general issue, and filed a brief statement, stating that the words spoken were true, and there was some evidence upon that point. The court charged the jury that, if they should find that the charge was made as alleged, and that it had not been proved to be true, still that the fact of pleading the justification would not necessarily be evidence in aggravation of damages; that it would depend upon the motive and object of defendants; that if the defence was made *bona fide*, it should not be considered in aggravation of damages, but if made for the purpose of spreading and perpetuating the original slander, it

should be, and that it was a question of fact for them to consider, wheth-
er this defence was made fairly and *bona fide* or maliciously.    To which
ruling defendants excepted.    Verdict for plaintiff, which defendants move
to set aside, and the questions of law are reserved.

This case as printed is amended by inserting in the sixteenth line from
the top of the third page, after the word *"sheet,"* and before the word
*"defendant,"* the following :

"Mrs. Moore carried to Mr. Butler's on this occasion one of her own
sheets, which she claimed was made from the same piece of cloth as the
one from which Alice's skirt was made, in order to show the same to
Mrs. Butler, and convince her that the skirt was not made from one of
Mrs. Butler's sheets.    After Mrs. Moore and Mrs. Butler had had an
interview in Mrs. Butler's house, and this sheet of Mrs. Moore's had
been exhibited, they passed out of the house and the evidence tended to
show that Mrs. Moore invited Mrs. Butler to go to the wagon where
Mrs. Crosby was, and see her (Mrs. C. ;) that Mrs. Butler went towards
the wagon and just before she came to the carriage Mrs. Crosby said
'it is hard to accuse one,' &c., as stated in the case, and was compar-
ing Mrs. Butler's sheet with the skirt, and that in reply to this Mrs.
Butler used the words stated."

*Carpenter*, for plaintiff, assumed the following positions, and quoted
the following authorities in their support :

1.    In answer to defendants' first exception to the ruling of the judge.
*Van Deusen* v. *Sheffield*, 13 Gray 304 ; *Dame* v. *Kenney*, 25 N. H.
322 ; *Bromage* v. *Prosser*, 4 B. & C. 321.

2.    It is sufficient that the substance of the words alleged be proved.
*Robinson* v. *Willis*, 2 Starkie N. Prius 194 ; *Treat* v. *Browing*, 4
Conn. 408 ; *Williams* v. *Miner*, 11 Conn. 464 ; *Whiting* v. *Smith*,
13 Pick. 364 ; 7 Taunton 205 ; 8 Johnson 74 ; *Merrill* v. *Peaslee*,
17 N. H. 540 ; *Barrett* v. *Spofford*, 11 N. H. 127 ; *People* v. *Hor-
ton*, 13 Wend. 9 ; 4 Bingham 261 ; *Parsons* v. *Bellows*, 289.    The
declaration is amply sufficient.    2 Greenl. Ev. 333, sec. 414 ; 1 Chit-
ty's Plead. 405.

3.    The words spoken in presence of Mrs. Crosby were not privi-
leged.    *Coxhead* v. *Richards*, 2 M. G. & S. 569 ; *Blackham* v.
*Pugh*, 2 M. G. & S. 611 ; *Taylor* v. *Hawkins*, 5 Eng. Law & Eq.
253 ; *Hooper* v. *Trescott*, 2 Bing. N. C. 457 ; *Finden* v. *Wortlake*,
11 M. & W. 461 ; *Smith* v. *Matthews*, 1 M. & R. 151.

4.    The ruling of the court that the jury might consider the conver-
sation between Mrs. Moore and the defendant, and Mrs. Butler and the
plaintiff, upon the question of malice, was correct.    *Rogers* v. *Clifton*,
3 Bos. & Pull. 587 ; 1 Chitty's Plead. 406 ; *Severance* v. *Hilton*, 32
N. H. 289 ; 2 Starkie Ev. 870 ; *Symonds* v. *Carter*, 32 N. H. 458 ;
*Bullock* v. *Cloyer*, 4 Vt. 304 ; *Greenleaf* v. *McColley*, 14 N. H.
305 ; 3 Binney 550.

The statement of *prochein amy* was properly rejected.    *Webb* v.
*Smith*, Ryan & M. 106 ; *Smith* v. *Floyd*, 1 Pick. 275 ; *Brown* v.

*Hull*, 16 Vt. 673 ; *Clark* v. *Gilmanton*, 12 N. H. 515 ; *Walker* v. *Ferrin*, 4 Vt. 523 ; *Miles* v. *Boyden*, 3 Pick. 219 ; 1 Greenl. Ev. sec. 179 ; Colby's Practice, 74 and 288. Also, on other points, *Young* v. *Gilman*, 46 N. H. 484 ; *Pallet* v. *Sargent*, 36 N. H. 500.

*Westgate & Hibbard*, for defendants, contended :

1.　That the court erred in declining to rule, as requested by defendants, that the third conversation in presence of Mrs. R. M. Crosby was privileged, &c., and, as bearing upon this question, and the presumption of malice which plaintiff was bound to make out, quoted the following authorities : *Toogood* v. *Spryling*, 4 Tyrw. 582 ; *Taylor* v. *Hawkins*, 16 Adolphus & Ellis 307 ; *Child* v. *Afflack*, 9 B. & C. 403 ; *Somerville* v. *Hawkins*, 70 C. L. R. 583 ; *Harrison* v. *Bush*, 5 Ellis & Black. 344 ; (85 C. Law ;) *Coxhead* v. *Richards*, 52 C. L. 569 ; *Bromage* v. *Prosser*, 4 B. & C. 10 Com. Law, 321 ; *Pattison* v. *Jones*, 15 C. L. 303 ; *Woodward* v. *Lauder*, 25 C. L. 537 ; *Cockaye* v. *Hoogkinson*, 24 C. L. 448 ; *Fowler & ux.* v. *Homer*, 3 Camp. 299, a case in point ; and American cases as follows : *Remington* v. *Congdon*, 2 Pick. 310 ; *Thorn* v. *Blanchard*, 5 Johns. 507 ; *Bradley* v. *Heath*, 12 Pick. 163 ; *White* v. *Nichols*, 3 How. 266 ; *Gassett* v. *Gilbert*, 6 Gray 94 ; *Swan* v. *Tappan*, 10 Cush. 510 ; *Davis* v. *Hathaway*, 3 Johns. 180 ; *Shackell* v. *Jackson*, 10 Cush. 25. See, also, *Farnum* v. *Poor*, 5 B. & Ad. 642, 7 C. L. 220.

2.　The ruling in regard to the conversations between Mrs. Butler and Alice alone was erroneous.　*Sheffield* v. *Van Deusen*, 13 Gray 304.

3.　The testimony of the witnesses who testified to the talk in the presence of Mrs. Crosby was inadmissible to sustain the count founded on that conversation.　*Smith* v. *Hollister*, 32 Conn. 695 ; *Olmstead* v. *Miller*, 1 Wend. 506.

4.　The statement of the *prochein amy*, Mrs. Moore, should have been received as the admission of the party.　1 Greenl. Ev. sec. 179 ; 27 Com. Law Rep. 47 ; 7 Term Rep. 663 ; 17 Mass. 222 ; *Tenney* v. *Evans*, 14 N. H. 343 ; 21 Pick. 243 ; 1 Pick. 191 ; 5 N. H. 391.

NESMITH, J.　This was case brought by plaintiff, claiming damages for slanderous words spoken by the wife of the defendant, who is alleged to have made the charge against the said Alice of stealing defendant's sheet, and having it made into a skirt for her own use.　The words complained of were alleged to have been spoken at three different times. The first words were spoken by Mrs. Butler in presence of Mrs. Sarah Moore, the mother of Alice, and not in the hearing of any other person. The court held that, under the circumstances, this communication was privileged, and not actionable.　This ruling appears to have been correct.　*Van Deusen* v. *Sheffield*, 13 Gray 304.

The second conversation, in point of time, was between Alice and Mrs. Butler, and no one was present.　The court ruled that the words then and there spoken were not actionable, though the charge may have been maliciously made, if no one but Alice heard them ; but, if the

words were uttered with malice, and were heard by Mrs. Butler's children, who were in an adjoining room at the time, the words would be actionable, even though Mrs. Butler did not know at the time that what she said was overheard by any one, or intended they should be, and left the fact as to whether any one but Alice heard the words to the jury. To this ruling the defendants excepted.

To maintain this action, malice must be alleged and proved; and it may be either express or implied, according to the facts of the case. In communications not privileged, imputing actionable charges, or false charges actionable in themselves, malice is presumed from the speaking of the words, and no additional evidence is needed, except as affecting the amount of damages. Or, in other words, where the words spoken are in themselves actionable, imputing crime to the plaintiff and proved false, the malicious intent in publishing them is an inference of law, and requires no proof. 2 Starkie on Slander 47; 2 Greenl. Ev. sec. 418; *Smart* v. *Blanchard*, 42 N. H. 137; *Gassett* v. *Gilbert*, 6 Gray 94.

The amount of the instruction by the court to the jury would seem to be, that Alice would receive no injury to her reputation from the words or charge of Mrs. Butler, however malicious such words might be, if they were spoken privately and were not heard by others; but if spoken maliciously, and they were actually heard by others, then such words would be actionable. We see no objection to the charge of the court, because it left fairly to the jury to find whether a malicious slander affecting the plaintiff's character had been published under such circumstances as to give others an opportunity to hear it, and of course to circulate it to plaintiff's prejudice, or whether the words were actually spoken privately and with an honest intent, and without injury to plaintiffs. 2 Greenl. Ev. sec. 18.

Was the publication of the words of Mrs. Butler spoken in presence of Mrs. Crosby, Mrs. Moore and Mr. Butler privileged? Or was the judge correct in ruling the words there spoken were not privileged? The general rule is, that a party cannot be held liable for a statement or publication tending to disparage private character, if it is called for by the ordinary exigencies of social duty, or is necessary or proper to enable him to protect his own interest, or that of another, and provided it is made in good faith and without a wilful design to defame. Justice Bigelow, in *Gassett* v. *Gilbert*, 6 Gray 94. Baron Parke lays down a similar rule in *Toogood* v. *Spryling*, 1 Crompton, Meeson & R. in the following language: "A publication fairly made by a person, in the discharge of some public or private duty, whether legal or moral, comes within the class of privileged or authorized communications. The communication, being made in confidence and kindness, and the defendant not being actuated by any malicious motive, becomes clearly privileged." Buller, N. P. 8; 2 Greenl. Ev. sec. 421, and cases in note. In *Taylor* v. *Hawkins*, 16 Ad. & E. 308, Lord Campbell briefly states the rule to be: "If the occasion be such as repels the presumption of malice, then the communication is privileged." In such cases the plaintiff is called upon to show such declarations and facts as are more consistent with the existence of malice than with its non-existence, or, in

other words, to show probable malice.   To ascertain malice it is not necessary always to resort to extrinsic evidence.   Malice may be inferred from the relation of the parties, the circumstances attending the conversation, and even from the terms of the communication itself. *Wright* v. *Woodgate*, 2 Crom., Meeson & R. 573.

The judge has a right, under the circumstances of each case, to determine that the occasion was, or was not, such as to rebut the presumption or inference of malice.   Baron Parke, in *Bromage* v. *Prosser*, 4 B. & C. 247 ; (10 C. L. 321 ;) *Gathercole* v. *Miall*, 15 M. & W. 328.   Whether the publication be *bona fide* is a question of law for the judge ; whether *bona fides* existed in the defendant's statement is a question of fact for the jury.   Judge Bayley's rule in the same case is, that the intention with which the words were spoken was for the jury. Since the Fox Act it appears to be the more common practice, where actual doubt exists upon the question of malice in the defendant, to submit the whole matter to the jury.   They will decide whether the defendant's statements, under the circumstances, were made honestly, from proper motives, and for a proper purpose, or justifiable ends.   Fox Act, 32 Geo. 3, ch. 60 ; *Campbell* v. *Spottiswood*, 3 B. & Smith 769 ; *Somerville* v. *Hawkins*, 10 C. B. 583 ; *Trounlan* v. *Boodle*, 3 Ad. & Ellis 5 N. R. 71 ; *Blackburn* v. *Blackburn*, 4 Bing.  395 ; *Fairman* v. *Ives*, 5 Barn. & Ald. 646 ; *Blagg* v. *Start*, 10 Ad. & E. 899 ; *Severance* v. *Hilton*, 32 N. H. 289 ; *Symonds* v. *Carter*, 22 N. H. 458 ; *Smart* v. *Blanchard*, 42 N. H. 137 ; *Cooper* v. *Stone*, 24 Wend. 442 ; 1 Starkie on Slander, 454 ; *Goodrich* v. *Davis*, 11 Met. 473 ; *Miller* v. *Miller*, 8 Johns. 74.

In 2 Greenleaf, sec. 417, the doctrine is asserted that the meaning of the defendant is a question of fact, to be found by the jury, and may be proved by the testimony of any persons, conversant with the parties and circumstances ; and from the nature of the case, the witnesses must be sometimes permitted to some extent to state their opinions, conclusions and belief, leaving the grounds of them to be inquired into on cross-examination.   So, if the words are ambiguous, as they might be here, but if the hearers understood them in an actionable sense, this is sufficient, for it is this which caused the damage.   *Oldham* v. *Peake*, 2 W. Black. 959 ; Cooper's Reports, 275 ; *Roberts* v. *Campden*, 9 East 93 ; *Van Vechten* v. *Hopkins*, 5 Johns. 211 ; *Blagg* v. *Start*, *ante*. Proof that defendant is aware of the falsity of the charge is sufficient evidence of malice.   2 Starkie on Slander, 52.

In determining whether the publication made by Mrs. Butler in the presence of Mrs. Crosby was privileged or not, the court would naturally look at the evidence derived from the fact that Mrs. Butler had already had one interview with Alice, and before the words were spoken on this occasion she had two conversations with Mrs. Moore, the mother of Alice, wherein it may be presumed that Mrs. Moore had endeavored to impress upon Mrs. B. the knowledge of the fact that the skirt of Alice had been manufactured by herself, from one of her own sheets, and from the same web of cloth with two other sheets then in the possession of Mrs. Moore ; one of which was shown to Mrs. Butler, on

that day, she having brought it from her own house for that purpose. Admitting the parties to be relatives, and entitled to all the inferences and presumptions arising out of such confidential relations, still the privilege of the defendant must be limited by the exigencies of the case. If, therefore, the defendant, by her language and conduct, exceeded the just limits which were necessary and proper to accomplish her legitimate purpose, in order to protect herself, and obtain or defend her rights, so far as the plaintiff was concerned, such conduct would be evidence of malice proper for the jury to weigh. The question of good faith on her part, and her honest belief in the truth of the statements put forth by herself, become material matters to be determined by the jury, and to be weighed with the explanations of Mrs. Moore, and all the other evidence in the case.

The case *Pattison* v. *Jones*, 8 Barn. & C. 580, illustrates the principle at issue here. Pattison, the plaintiff, had been the servant of the defendant Jones; Jones having discharged him, and hearing that he was about to be engaged by Mr. Mornay, wrote voluntarily to Mornay a letter, and informed him that he had discharged Pattison for misconduct. Mornay, in answer, desired further information. Jones then wrote a second letter to Mornay, stating the grounds on which he had discharged plaintiff. In an action by plaintiff against Jones for the libel contained in the second letter, it was held that, assuming the letter to be a privileged communication, it was properly left to the jury to consider whether the second letter was written by the defendant, *bona fide*, or with an intention to injure the servant. So, it will be seen, that if the court had held in this instance the communication to be privileged, it still would have been a proper matter for inquiry by the jury to find good faith or malice in the defendant. We think, therefore, the ruling of the judge who tried this case on this point was correct, and that the exception should be overruled.

Greenleaf says, to enable the plaintiff to have the question of malice submitted to the jury, it is not essential that the evidence should be such as necessarily leads to the conclusion that malice existed, or that it should be inconsistent with the non-existence of malice, but it is necessary that the evidence should raise a probability of malice, and be more consistent with its existence than with its non-existence; the main question being in the case whether the occasion repels the presumption of malice; or whether the words spoken were confidential communications, made in the ordinary course of lawful business from good motives, and justifiable ends. Confidential communications, made in the usual course of business, or of domestic or friendly intercourse, should be viewed liberally by juries, and unless they see clearly that there was a malicious intention of defaming the plaintiff, they ought to find for the defendant. 2 Greenleaf, 421, and notes.

But in all cases where the occasion itself affords *prima facie* evidence to repel the inference of malice, the plaintiff may rebut the defence by showing that the object of the defendant was malignant, and that the occasion was laid hold of as a mere color or excuse for gratifying private malice with impunity. 2 Greenl. Ev. sec. 422; 1 Starkie Ev. 464, &c.

Admitting, then, that the parties, as relatives, had confidential interviews in relation to matters of deep interest to both, and that it was entirely fit and proper to seek and make explanations in relation to the subject matter of the difficulty between them, and that they had a right to have a confidential friend present to hear what might be said; and that, therefore, these occasions or interviews, in themselves, afforded *prima facie* evidence sufficient to repel the inference of malice, yet we think it was proper for the court to refer to the jury all the evidence in the case arising out of all the several different occasions or interviews, so, that they might determine whether the defendant's conduct under all the circumstances was justifiable or malignant, or whether the occasion was laid hold of as a mere color, pretence, or excuse for gratifying her private spleen or malice against the plaintiff. If the imputations made against the plaintiff's character were false, the defendant had no right to make them, though she might believe in their truth. Such belief of the defendant is no answer to the action. *Campbell* v. *Spottiswood*, 3 B. & Smith 769; *Smart* v. *Blanchard*, *ante.* Where words imputing misconduct to another are spoken by one having a duty to perform, and the words are spoken in good faith, and in the belief that it comes within the discharge of that duty, or where they are spoken in good faith to those who have an interest in the communication, and a right to know, and act upon, the facts stated, no presumption of malice arises from the speaking of the words; and, therefore, no action can be maintained in such cases without proof of express malice.

If the occasion is used merely as a means of enabling the party uttering the slander to indulge his malice, and not in good faith to perform a duty, or make a communication useful and beneficial to others, then the occasion will furnish no excuse. *Bradley* v. *Heath*, 12 Pick. 163. Under the evidence in this case the court, having on their part declined to declare words spoken by defendant privileged, still referred the question properly to the jury, to find whether they were spoken maliciously or in good faith by the defendants. It seems to us to be the province of the jury to find the existence of malice or good faith in the defendants at the time the words were spoken, and if bad, then the appropriate damages resulting therefrom.

If the words are in themselves actionable, and the slanders are several and independent, it is sufficient to prove as many of them as constitute any one of the slanderous accusations. 2 East 434.

It has been held sufficient to prove the *substance* of the words spoken, and to show the sense and manner of speaking them. Additions and omissions not affecting the sense furnish no substantial variance. If the words are ambiguous, and the hearer understood them in an actionable sense, it is sufficient, for it is this which caused the damage. *Joannes* v. *Bennett*, 5 Allen 169; 2 Greenleaf's Ev. sec. 417; *Merrill* v. *Peaslee*, 17 N. H. 540; *Bassett* v. *Spofford*, 11 N. H. 127; *Smart* v. *Blanchard, ante; Whitney* v. *Smith*, 13 Pick. 374; *Miller* v. *Miller*, 8 Johns. 74. The statement of Mrs. Crosby indicates clearly the meaning of the language of Mrs. Butler, as understood by her at their interview. She understood the words to be spoken in an action-

able sense.   We are inclined to think the words which were actionable in themselves were substantially proved, and that plaintiff has brought herself within the rule on this subject.

Where the words are actionable in themselves as here, and false, a malicious intent in publishing them is an inference of law, and therefore needs no proof.   2 Starkie on Slander, 47 ; 2 Greenl. Ev. sec. 418. Generally, the admissions of a guardian, or of an executor or administrator, made before he was clothed with that trust, or of a *prochein amy*, made before the commencement of the suit, cannot be received either against the ward or infant in the one case, or against himself, as the representative of heirs, devisees and creditors in the other, though it may bind the person himself, when he is afterwards a party *suo jure* in another action.   1 Greenl. Ev. sec. 179, and cases in note.

Whatever statements were made by the next friend, Mrs. Moore, were made prior to the commencement of the action, and therefore come within the prohibition of this rule.   Mrs. Butler could not be a witness in this case, being under coverture, and interested as a party.   *Young* v. *Gilman*, 46 N. H. 484, and cases cited ; *Smith & Wife* v. *Cornish*, not reported.

The several questions raised upon the evidence and pleadings of the defendant, bearing on the question of justification, accord with the doctrine of this court in *Pallet* v. *Sargent*, 36 N. H. 500, and are the same in principle.

*Judgment on the verdict.*