## CHARLES McKINNEY AND SHERMAN D. PHELPS, RESPONDENTS, *v.* HORATIO N. HOLT, APPELLANT.

*Lease — possession under — defense to action upon — Quantum meruit.*

In May, 1870, the defendant entered into an agreement with one D., the owner of a coal yard, by which he was to deliver coal at the yard for D. to sell, to remain defendant's property until sold and paid for, and to place a man in the office, as his agent, to hold the coal and receive the proceeds of the sale thereof, which proceeds after certain deductions for expenses as provided for in the agreement, were to be divided between defendant and D. In pursuance of this agreement defendant had, October 14th, 1870, deposited a large quantity of coal in the yard. On that day plaintiffs purchased the yard upon the foreclosure of a mortgage, and leased it to the defendant until April 1st, 1871. Subsequently defendant sold the coal in the yard and assigned his lease to G. who thereafter demanded possession of the yard and office from D., who refused to give up the possession of the office and portions of the yard, claiming that he was entitled to occupy the yard and sell the coal under the agreement with defendant. G. before April first sold all the coal sold to him by defendant, and stored other coal in, and sold the same from the yard.

In this action to recover rent due under the lease, defendant defended on the ground that the plaintiffs had failed to deliver to him possession of the demised premises. *Held,* 1. That if the claim of D., that he was entitled to possession under his agreement with defendant, was rightful, then defendant was kept out of possession through his own fault, and so could not complain thereof.

2. That if such claim was unfounded, then D. was a wrong-doer and defendant should have removed him.

3. That as defendant's assignee occupied a portion of the premises for the entire term, he was, in any event, liable for the value of the portion so occupied.

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee.

This was an action to recover the rent secured by a lease given by the plaintiffs to the defendant. The referee found that in May, 1870, the defendant and one Devereux entered into an agreement with reference to a coal yard owned by Devereux. By this agreement defendant was to have the use of the yard, and was to furnish coal for him to sell and share the profits with him, defendant to have the right to employ a man to remain on the premises to look after his interests. In pursuance of this agreement defendant delivered large quantities of coal, and had in the yard on October 14th, 1870, about 2,200 tons of coal belonging to him. On that day the yard was sold upon the foreclosure of a mortgage given by Devereux and purchased by the plaintiffs, who, on the same day, leased the same to the defendant until April 1st, 1871. On the same day defendant assigned the lease and sold all the coal to one Gilmore, who sold and disposed of all the coal to his customers. Devereux objected to the sale of the coal to Gilmore and refused to give up possession of the office and certain portions of the yard, upon the ground that he was entitled to sell the coal and remain in the yard under his agreement with the defendant. The referee found, as conclusions of law, that upon the sale under the mortgage the plaintiffs became the owners in fee, and entitled to the immediate possession of the yard.

"That upon said sale and purchase being perfected, the defendant had a lawful right to surrender and deliver up to the purchasers all his right to, and possession of said coal yard.

That by taking a lease of said premises from the purchasers while he was in possession of some part thereof, the defendant is deemed to have held under them from the date of the lease, and cannot claim to have been in possession from that time in hostility to their title.

In giving the lease in question, there was an implied obligation on the part of the lessors, that the lessee and his assigns should have possession of the entire premises leased.

That the lessors did not give, nor did the defendant or his assignee

acquire possession of the entire premises leased, but only of a part thereof, and there was a breach on the part of the lessors of their obligation.

That by reason of such breach of the obligation of the lessors, the defendant or his assignees had the right to surrender to them said lease and the possession held thereunder, and the defendant would be exempt from all liability to pay rent to the plaintiffs, but by retaining during the term of the said lease, the possession acquired under the same by the defendant or his assignee, the defendant is liable to the plaintiffs in this action.

That the plaintiffs are entitled to a judgment in their favor against the defendant for the sum of $457.64, being the amount of the stipulated rent, less the damages sustained by reason of the breach of the obligation of the lessors before mentioned, with interest upon the difference, besides costs."

*Alfred C. Coxe*, for the appellant.

*G. W. Hotchkiss*, for the respondents.

LEARNED, P. J.:

By the agreement of May, 1870, between the defendant and Devereux, then owner of the premises, defendant obtained " the free use of" the premises, so far as necessary for the purposes of that agreement. The defendant was to place coal there, which was to remain his until sold, and was to put a man in the office as his agent, to have possession of the coal for him. In pursuance of that agreement defendant entered into the possession and use stipulated by the agreement, and deposited large quantities of coal on the premises.

While this agreement was in force, and on the 14th of October, 1870, the plaintiffs became the owners of the premises under a statute foreclosure of a mortgage made by Devereux. On the same day, they leased the premises to the defendant, who then had 2,203 tons of coal thereon. The defendant assigned the lease to Gilmore, and sold him the coal. Gilmore obtained a partial possession, but was prevented by Devereux from obtaining full possession. Devereux claimed that under his contract with the defendant he had certain rights in the office, as well as in the coal on the premises.

Admitting that the lease implies a covenant of quiet enjoyment, how has there been any breach? Devereux claims no title paramount to that of the plaintiff. His claim is under his agreement with the defendant. If valid, the defendant is to blame. *Mack* v. *Patchin* (42 N. Y., 167), was a case not only of eviction under a paramount title, but really of eviction by the lessor himself.

*Christopher* v. *Austin* (11 N. Y., 216), was also a case of wrongful eviction by the lessor.

In the present case the defendant made the agreement, under which Devereux asserted (rightfully or not) certain claims. If rightfully, then the defendant himself is at fault for his being kept out of possession; if not rightfully, then Devereux was a wrongdoer, and defendant should have removed him. (*Gardner* v. *Keteltas*, 3 Hill, 330.)

Nor is the present a case where a lessee is kept out of possession of a part by a person holding under a prior lease, executed by the same landlord. (*Christopher* v. *Austin*, 11 N. Y., 216; *Lawrence* v. *French*, 25 Wend., 443.) And even if it were considered analogous to those cases, the defendant has had the benefit of the principle therein established. The plaintiffs have recovered not for the whole rent, but as for a *quantum meruit*.

It may be that if Devereux had been holding adversely to the lessors, the lease would have been void. (*Livingston* v. *Proseus*, 2 Hill, 526.) But the referee has allowed the plaintiffs to recover rent only for that part of which the defendant, or his assignee, obtained possession. Even then if we assume that, at the time of the execution of the lease, the defendant was not, and Devereux was, in possession, still the referee has done no injustice to the defendant. So far only as the assignee of the defendant obtained possession, has the defendant been adjudged to pay. I have examined the exceptions to the admission and rejection of evidence. In the view above taken they are not material.

The judgment of the referee should be affirmed with costs.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment affirmed with costs.