NINETEEN JOHN STREET CORPORATION, Plaintiff, *v.* JOHN G. McNAMARA, JR., Defendant.*

Municipal Court of New York, Borough of Manhattan, First District, November, 11, 1929.

*Budd S. Weisser,* for the plaintiff.

*Haaren & Barrett,* for the defendant.

GENUNG, J.   This is a summary proceeding to recover possession of the fourth floor in the premises Nos. 17–23 John street, borough of Manhattan, for the non-payment of rent for the months of June, July, August, September and October, amounting to the total sum of $4,583.35.   Demand is also made for a money judgment pursuant to the provisions of section 1425 of the Civil Practice Act.   It is admitted that the rent has not been paid, but the tenant claims that there is no liability for the payment of such rent by virtue of an express provision in the lease, and the existence of certain physical conditions on the premises, which together relieve the tenant of any rent obligation until such conditions are remedied.   The provision of the lease which is the basis of this defense reads as follows:

" For the purpose of inducing the Tenant to enter into this lease, the Landlord represents to the Tenant that the noises in the demised premises occasioned by the use of the floor of the building above the premises demised, especially those from the use of the handball court and machines or other apparatus, and the leaks from such floor can be eliminated and that on or before February 1, 1929, such conditions will be eliminated at the expense of the Landlord.

"It is the intention of the parties hereto that the within lease is entered into on the condition that on or before February 1, 1929, the noises and leaks will be eliminated and will not recur during the term of this lease and on breach by the Landlord of such condition, the Tenant may consider the lease at an end and may remove from the premises at any time prior to the complete elimination of the noises and/or leaks, or may remain on the premises without being liable for the payment of rent during such period until the sources of the noises and leaks are removed and the complete cessation of such noises and leaks is effected; provided, however, that upon an occurrence of either noises or leaks the Landlord will have seventy-two (72) hours within which to remedy the defect."

The record establishes beyond dispute that the noises referred to in this clause of the lease have never been completely eliminated since the commencement of the tenancy, although the landlord did make a substantial effort in that direction.

The tenant claims a complete release from liability for rent by reason of the continuance of the offending noises. The landlord claims that the clause in the lease above quoted must be considered as imposing a penalty, and, in the absence of proof by the tenant of the damages actually sustained by him by reason of the landlord's breach of this covenant, that this penalizing clause should not be enforced by the court. (*Chaude* v. *Shepard*, 122 N. Y. 397; *Caesar* v. *Rubinson*, 174 id. 492; *Seidlitz* v. *Auerbach*, 230 id. 167; *Lenco, Inc.*, v. *Hirschfeld*, 247 id. 44.)

The clause does not admit of the construction urged by the landlord. The tenant declined to enter into a lease to these premises unless he were assured of the complete elimination of these noises that came from the floor above where a health institute was being conducted with handball courts and other apparatus of similar nature. Not only did the landlord guarantee, as a condition to the making of the lease, that these noises would be completely eliminated, but it represented to the tenant that they could be removed. The landlord went further in this clause and definitely agreed that until such noises were completely removed the tenant would have the option of either terminating the lease and his possession, or of remaining in possession without the payment of rent until the complete cessation of these noises would be effected. It is fair to assume that the tenant entered into this lease and in the possession of the premises relying upon this representation and guaranty upon the part of the landlord. "Parties have the right to contract as they will for any lawful purpose and the problem for the courts is to ascertain, in accordance with established

rules of interpretation, the real contract or agreement." (*Rosenthal Paper Co.* v. *National Folding Box & Paper Co.*, 226 N. Y. 320.)

The burden does not rest in this instance upon the tenant to establish the extent of his damage, since by the express agreement of the parties the nature and extent of his remedy are fixed in the way in which this tenant has chosen to seek redress for the landlord's breach. If the question of actual damages sustained were material to this cause at all upon the state of the pleadings, it would be relevant perhaps as evidence adduced by the landlord in support of his contention that the rental value is so far disproportionate to the actual damage sustained that the tenant's tenure without payment of any rent is the equivalent of the imposition of a penalty upon him. However, as previously stated, the court's view is that this clause does not impose a penalty on the landlord and that it was not so intended. It was clearly in the contemplation of the parties that the landlord could effect either the complete cessation of the noise or the removal of the sources of the noise.

The question of impossibility of performance has no application here. The evidence does not show that the landlord has exhausted all reasonable means and methods for bringing about the result desired by the tenant. (*Dexter* v. *Norton*, 47 N. Y. 62, 63.) Furthermore, the landlord's agent indicated another method for compliance with this clause in the contract, in the letter of July 25, 1929, as follows: " I think this is a very fair proposition that the owners are submitting to you and would like to have your answer within the next few days as, in the event you do not accept this proposition, they have decided that they will concentrate their efforts on getting the Simon Health Institute out of the fifth floor so as to do away with the noise from the hand-ball court and the leaks, which they have agreed to eliminate under the terms of your lease."

The landlord in this case is in no different position than where there is a partial eviction of a tenant without any express provision such as is contained in this lease, and upon established principles of law the tenant is relieved of the necessity of paying rent until the condition causing the partial eviction is terminated. (*Christopher* v. *Austin*, 11 N. Y. 216.)

For the reasons stated, judgment must be rendered for the tenant dismissing the petition herein.