John 0. Leonforte, J.
The landlord instituted these proceedings to recover rent for the two-month period commencing November 24, 1970 and ending December 23, 1970, for a total rent of $500 allegedly due and owing. The tenant asserted defenses of partial constructive eviction, violation of section 755 of the Real Property Actions and Proceedings Law, and a general denial.
At the trial, tenant proceeded solely on the defense of partial constructive eviction, relying on the case of East Haven Assoc. v. Gurian (64 Misc 2d 276). It is conceded that tenant is still in possession.
*262 The evidence adduced at the trial shows that tenant occupied apartment 4B in a four-story building located at 8 West 86th Street, New York City. Apartment 4B was leased to tenant with a terrace which was accessible from her apartment only. The terrace floor was covered with roofing material, inasmuch as it appears that said floor was the roof over one of the third floor apartments. Since 1969 tenant did not use the terrace because the roof covering was soft and sticky and needed some tile covering over the roof material. Tenant was suffering from some orthopedic problem requiring her to use crutches and she was, therefore, prevented from using the terrace because its defective condition could cause her to fall.
Notice of the condition of the terrace floor was given to the present landlord by tenant, but, up to the date of trial the tile had not been installed over the terrace floor. Accordingly, it would appear that the terrace was not fit for the purpose intended, thereby depriving tenant from its use and enjoyment. The use of the terrace had been a prime factor in inducing tenant to lease the apartment in question.
In the case of Barash v. Pennsylvania Term. Real Estate Corp. (26 N Y 2d 77, 83) the court stated: “ On the other hand, constructive eviction exists where, although there has been no physical expulsion or exclusion of the tenant, the landlord’s wrongful acts substantially and materially deprive the tenant of the beneficial use and enjoyment of the premises (City of New York v. Pike Realty Corp., 247 N. Y. 245) * * The tenant, however, must abandon possession in order to claim that there was a constructive eviction (Boreel v. Lawton, 90 N. Y. 293, 297 ; Two Rector St. Corp. v. Bein, 226 App. Div. 73, 76 ; 1 N. Y. Landlord and Tenant [Edward Thompson Co.], supra, § 253).
“ Thus, where the tenant remains in possession of the demised premises there can be no constructive eviction (Edgerton v. Page, 20 N. Y. 281, 284, supra). It has been said to be inequitable for the tenant to claim substantial interference with the beneficial enjoyment of his property and remain in possession without payment of rent (City of New York v. Pike Realty Corp., supra, 247 N. Y., at p. 247 ; Edgerton v. Page, supra).”
In the instant case, tenant was deprived of the beneficial use and enjoyment of her terrace. She did not abandon the possession of the demised premises but elected to remain in possession thereof. The court has examined the case of East Haven Assoc. v. Gurian (64 Misc 2d 276, supra) relied upon by tenant, but is constrained to disagree with the opinion of the learned court in concluding that rent may be suspended where there is a partial constructive eviction. In that case, the court stated (p. 279):
*263 ‘ ‘ Why should a different test be applied where the tenant, through comparable means, is effectively deprived of the use of part of his residence, and abandons that part? Ought not the same consequences to follow as would an 1 actual partial eviction ’ ?
‘ ‘ I am unable to see any basis in ‘ common sense and common justice ’ for treating the two situations differently.”
The fallacy of that argument is quite evident and manifest. Applying ‘1 common sense and common justice ’ a tenant deprived of the beneficial use and enjoyment of a portion of the demised premises cannot be placed in a better bargaining advantage than a tenant who is deprived of the beneficial use and enjoyment of the entire demised premises. For, if a tenant must abandon the demised premises to claim the benefits of a total constructive eviction, then, certainly, a tenant deprived of the beneficial use and enjoyment of a portion of the premises must either vacate the said premises or pay rent if he elects to remain in possession.
The court has examined also the case of Majen Realty Corp. v. Glotzer (61 N. Y. S. 2d 195) in order to ascertain whether the decision in that case is authority in favor of the tenant herein. At first blush it would appear that the Majen case is helpful to tenant herein, since the court stated (p. 197): “ Nonetheless, it was not necessary for the tenant to do so [give up possession of the premises] because it has been held that the tenant is not required to pay rent, even for the part he retains and uses, when he has been constructively evicted from the other part. Christopher v. Austin, 11 N. Y. 216, 219 ; City of New York v. Pike Realty Corporation, 247 N. Y. 245, 247.”
A reading of the Christopher and City of New York cases does not, however, sustain the conclusion reached by the learned court in the Majen case. In the Christopher case the court stated (p. 218): “ The rule is, that if the landlord enter wrongfully upon, or prevent the tenant from the enjoyment of, a part of the demised premises, the whole rent is suspended, till the possession is restored.” There can be no doubt, therefore, that there existed in the Christopher case a partial actual eviction and not a partial constructive eviction.
However, to allay any doubt that the Christopher case concerned a partial actual eviction, that case was cited with approval by the Court of Appeals in the case of City of NeW York v. Pike Realty Corp. (supra). In the latter case the court held that the trial court erred in deciding that rent was suspended during the time that the city prevented the tenant from erecting a garage and stated (p. 247): “ This rule of suspension applies to partial *264 physical evictions, not to constructive eviction. * * * But the elementary rule in regard to constructive eviction is that the tenant must abandon the possession of the premises to the landlord, for he cannot claim he has been forced to go out while he remains in. (Edgerton v. Page, 20 N. Y. 281, pp. 283, 284, 285 ; Boreel v. Lawton, 90 N. Y. 293, 297 ; Taylor Landlord & Tenant, sect. 379.) * * * Consequently, the defendant not having abandoned the premises or surrendered the lease must pay the rent reserved and seek recoupment for the city’s breach of contract. ’ ’
In the case at bar, tenant did not abandon the demised premises but elected to stay in possession. To entitle her to a suspension of rent because of partial constructive eviction, tenant was required to actually abandon the premises. As was stated in Matter of Siegel v. National Bead & Stone Co. (37 Misc 2d 897, 900) : “No constructive eviction is compensatory in law, without an actual abandonment or surrender of possession by the tenant. In the case of Boreel v. Lawton (90 N. Y. 293, 297) Chief Judge Andrews said: ‘ [W]e know of no case sustaining the doctrine that there can be constructive eviction, without surrender of the possession. ’ Clearly a tenant must abandon possession in order to sustain his claim that he was forced out (City of New York v. Pike Realty Corp., 247 N. Y. 245, 247). A tenant cannot claim uninhabitability and at the same time continue to inhabit (Two Rector St. Corp. v. Rein, 226 App. Div. 73).”
The court has also taken into consideration the observations made by the two Judges in the Majen and the East Haven cases {supra) concerning the critical housing shortage prevailing in the city. It was urged in both cases that the rule requiring a family to abandon the demised premises should be relaxed because of the scarcity of available decent housing. It would be beyond the jurisdiction and scope of this court to assume the role of the Legislature and to extend the already existing law concerning the requirement that demised premises be abandoned in cases of constructive eviction.
Accordingly, the affirmative defense of partial constructive eviction is dismissed on the merits apd final judgment is rendered in favor of landlord against tenant with a money judgment for $500.