SARAH A. BOREEL, Respondent, *v.* J. WARREN LAWTON, Appellant.

In an action upon a lease under seal of rooms for an office, to recover rent accruing for the last half year of the term, the complaint alleged an occupation by the defendant during the whole term. The answer did not deny this, but set up as a counter-claim that the lessor permitted the rooms above those leased to defendant to be used and occupied by persons who carried on a noisy mechanical business, using printing-presses, and also weights which were thrown down upon the floor, causing great noise, and thereby interfering with defendant's use and occupation of his rooms, and preventing him from carrying on his professional business therein; that defendant by reason thereof was compelled on divers occasions to leave his rooms, and that thereby the ceilings were broken and water leaked through, damaging his books and furniture. *Held*, that a demurrer to the answer was properly sustained; that conceding the facts stated constituted a cause of action against plaintiff, they did not constitute a counter-claim under the Code of Civil Procedure (§ 501).

*It seems* that a covenant of quiet enjoyment is implied in a lease under seal for a term not exceeding three years.

An eviction, however, either actual or constructive, is necessary to constitute a breach of this covenant.

There cannot be a constructive eviction, without abandonment of possession.

(Submitted October 19, 1882 ; decided October 27, 1882.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 6, 1881, which affirmed a judgment in favor of plaintiff, entered upon an order sustaining a demurrer to defendant's answer.

This action was brought upon a lease under seal, for a term of three years, of certain office-rooms in a building in New York city. The complaint alleged the occupancy by defendant for the whole of the term, and a default in the payment of the rent for the last half year. The substance of the answer is set forth in the opinion.

*Edward H. Hawke* for appellant. The defendant is entitled to any defense the facts averred will justify. Whether he calls

it " defense, " " recoupment," or " counter-claim," is not material. (*Granger* v. *Dwyer*, 50 N. Y. 22.) A constructive eviction of a tenant can take place. (*Dyatt* v. *Pendleton*, 8 Cow. 728.) A covenant for quiet enjoyment by the lessor is implied in a lease under seal for a term not exceeding three years. (*Mayor, etc.,* v. *Mabie*, 3 Kern. 151.) There must be an entry and expulsion of the tenant by the landlord, or some deliberate disturbance of the possession, depriving the tenant of the beneficial enjoyment of the demised premises, to operate a suspension of the rent. (*Ogilvie* v. *Hull*, 5 Hill, 54.) Defendant may plead and show a partial eviction by way of counter-claim and equitable defense, and is not driven to cross-action. (*Blair* v. *Claxton*, 18 N. Y. 529.) In an action by the lessor for the rent reserved, the lessee may recoup damages sustained by a breach of an implied covenant for quiet enjoyment. (*Hoe* v. *Sanborn*, 21 N. Y. 552 ; *Tone* v. *Brace*, 11 Paige, 568.)

*Charles E. Crowell* for respondent. The appellant having remained in possession of the entire premises during the term of his lease, his obligation to pay rent continued, and a defense of eviction is not available in extinguishment or suspension of the rent. (*Gallup* v. *The Albany R. Co.*, 7 Lans. 437; *Edgerton* v. *Page*, 20 N. Y. 281; *Mortimer* v. *Brunner*, 6 Bosw. 658 ; *Dyett* v. *Pendleton*, 8 Cow. 729; *Cram* v. *Dresser*, 2 Sandf. 120; 5 Abb. Pr. 1; 2 Hilt. 217.) The defendant's counter-claim cannot be set up in answer or as a defense to plaintiff's complaint, as his demand set out in the answer does not arise out of the contract set forth in the complaint. (Code of Civil Procedure, § 500 ; *Edgerton* v. *Page*, 20 N. Y. 285 ; *Drake* v. *Cockroft*, 10 How. 377 ; *Schermerhorn* v. *Anderson*, 2 Barb. 584 ; *Walker* v. *Shoemaker*, 4 Hun, 579 ; *Chambers* v. *Cagsney*, 10 Abb. [N. S.] 31.) The wrongful acts of a lessor do not in law amount to an eviction, where there is neither an actual nor constructive expulsion of the lessee from any portion of the premises demised. (*Harrison's Case*, Clayt. 34 ; *Roper* v. *Lloyd*, 1 Th. Jones, 148 ; *Bushnell*

v. *Sichmore*, 1 Ld. Raym, 369; *Bennett* v. *Bittle*, 4 Rawle, 339; *Campbell* v. *Shields*, 11 How. 165; *Cortimer* v. *Brunner*, 6 Bosw. 653.) If the answer is true, and noise was made as alleged, it amounts to a mere trespass, but does not interfere with the substantial enjoyment of the premises, and is therefore not equivalent to an eviction. (*Lounsberry* v. *Snyder*, 31 N. Y. 514; Taylor on Landlord and Tenant, 484.) An eviction cannot take place without an actual expulsion or an abandonment of the premises. (*Edmonds* v. *Condy*, 14 Hun, 596; *Gilhooley* v. *Washington*, 4 N. Y. 217; *De Witt* v. *Pierson*, 112 Mass. 8; *S. C.*, 17 Am. Rep. 58.) To sustain an answer it must not only contain sufficient facts to maintain a cause of action against plaintiff, but it must also operate in some way to defeat in whole or part the plaintiff's right of recovery. (*Cattoon* v. *Baker*, 24 How. 329.) To operate as an extinguishment or suspension of rent on the ground of an eviction, there must be an entry and expulsion of the tenant by the landlord, or some deliberate interference on his part with the possession, depriving the tenant of the beneficial enjoyment of the demised premises. (*Ogelvie* v. *Hill*, 5 Hill, 52.) The cause of action set forth in the counter-claim does not grow out of any contract; and although pleaded in form *ex contractu*, is a pure tort, and cannot be a counter-claim in an action for rent. The defendant's remedy is an action for damages. (*Cushing* v. *Adams*, 18 Pick. 110–114; *Drake* v. *Cockroft*, 4 E. D. Smith, 34; 21 How. 289; 8 N. H. 220; 2 Sandf. 120.) It is proper for the plaintiff to demur to the defendant's answer. (*Smith* v. *Countryman*, 30 N. Y. 655.)

ANDREWS, Ch. J. The substance of the defense set up in the answer, is that the lessor permitted the rooms above those leased to the defendant to be used and occupied by persons who carried on a noisy business, using therein printing presses, and also weights and substances which were thrown down upon the floor immediately over the defendant's rooms, causing great noise and disturbance, thereby interfering with the defendant's use, occupation and possession of

his rooms, and preventing him from carrying on his professional business therein, and preventing clients from consulting him, etc. It is further alleged that on divers occasions during the period during which the rent sought to be recovered, accrued, the defendant was compelled to leave his rooms, etc., by reason of the said noise and disturbance; that the throwing down of weights in the room above, cracked and broke the ceiling of defendant's room, causing dust and lime to fall upon his books, furniture, etc., and that water leaked through the broken ceiling and ran into defendant's rooms, injuring his carpet; that the noise, disturbance, etc., was permitted by the plaintiff, and was made with her knowledge, consent and license, and that although requested, she did not prevent it, or cause it to be stopped, and that the defendant sustained damage from the matters stated, in the sum of $2,000.

We think the demurrer to the answer was properly sustained. The action is upon a lease, under seal, for the term of three years, from May 1, 1875, to recover rent accruing for the last half year of the term. The complaint alleges an occupation by the defendant during the whole term, and this allegation is not denied. The averment in the answer that on divers occasions the defendant was obliged to leave his rooms by reason of the noise and disturbance, is not inconsistent with the continued legal occupation and possession of the demised premises by the lessee. The defendant insists that the facts stated in the answer, constitute a cause of action against the plaintiff. But conceding this, the question remains, whether it is available as a counter-claim in an action on the lease, for rent due, under the definition of a counter-claim in section 501 of the Code. It is contended that the facts stated, constitute a breach of the covenant of quiet enjoyment on the part of the lessor, implied in the lease. That such a covenant is implied in a lease, under seal, for a term not exceeding three years, as well since as before the Revised Statutes, was decided in *The Mayor, etc., v. Mabie* (13 N. Y. 151). The general rule is that eviction is necessary to constitute a breach of this covenant. (1 Rawle on Cov. 144.) "The covenant for quiet enjoyment," said SPENCER, J., in *Whitbeck*

v. *Cook* (15 Johns. 483), " extends to the possession and not to the title, and is broken only by an entry and expulsion from, or some actual disturbance of, the possession." It is true that there are circumstances which may justify the tenant in abandoning the premises, and which in connection with the abandonment, will support a plea of eviction by the landlord, although there was no actual entry, or physical disturbance of the tenant's possession. This was the case in *Dyett* v. *Pendleton* (8 Cow. 728). But we know of no case sustaining the doctrine that there can be a constructive eviction, without a surrender of the possession. It would be manifestly unjust to permit the tenant to remain in possession, and when sued for the rent, to sustain the plea of eviction by proof that there were circumstances which would have justified him in leaving the premises. The case of *Edgerton* v. *Page* (20 N. Y. 281), is a distinct authority for the proposition that there can be no constructive eviction, without abandonment of possession, and that the circumstances stated in the answer in this case, do not constitute a breach of the covenant for quiet enjoyment. The answer does not aver an eviction, but on the contrary admits the continuance of the tenancy during the time for which the rent is demanded. There was no actual entry by the plaintiff. Whether the defendant, upon the facts stated, could have abandoned the premises and pleaded an eviction, to an action for rent subsequently accruing, or whether he now may maintain an action for the wrong of the plaintiff, need not be considered. It is sufficient to say that assuming he has a right of action, it does not arise out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim, nor is it connected with the subject of the action, nor is it a cause of action on contract. It could not, therefore, be the subject of a counter-claim. (*Edgerton* v. *Page, supra.* See also *Lounsberry* v. *Snyder*, 31 N. Y. 514 ; *Home Ins. Co.* v. *Sherman*, 46 id. 370 ; *Levy* v. *Bend*, 1 E. D. Smith, 169.)

The judgment should be affirmed.

All concur, except Rapallo and Tracy, JJ., absent.

Judgment affirmed.