Hatch, J.
This is an appeal from a judgment rendered hy the municipal court of the city of Buffalo upon the verdict of a jury. The action was brought tp recover one- *83 quarter’s rent accrued to be paid by defendant upon a lease, under seal, of certain demised premises. Upon trial in this court, it appeared that defendant leased certain premises of plaintiff for the period of one year from the first day of April, 1886. That upon the expiration of the term the tenant, by and with the consent of the landlord, continued to hold over and occupy the premises. About the first of June, in the second year, the plaintiff entered upon a portion of said premises, being meadow land, and_ erected a derrick, sheds, etc., and placed therein an engine and other appliances for the purpose of drilling a well for mineral substances, occupying about an acre of land, and as plaintiff’s evidence tended to show, otherwise interfering with the quiet enjoyment and beneficial use of said premises. The plaintiff continued so to occupy and actively prosecute the drilling until August following, when the engine was removed and active operations ceased, but the derrick and other structures continued to remain. The defendant during this period and until the expiration of the year, continued to occupy the residue of the premises, and paid two quarters rent thereafter without objection. When this action was brought, defendant alleged an eviction, based upon the said entry. Plaintiff admitted the entry and occupation, but denied its extent, claiming an agreement with defendant, by which he was to have the use of fifteen acres of other land in consideration of such other occupation. This was denied by defendant. The questions submitted to the jury were, first, whether the entry upon the demised premises by the plaintiff destroyed their beneficial use and enjoyment to defendant; and, second, was the agreement claimed by plaintiff made which authorized such entry. The jury found a verdict in favor of defendant of no cause of action.
The rule of law applicable to this case is well stated by Judge Parker, in Christopher v. Austin (1 Kern., 216): “That if the landlord entered wrongfully upon or prevented the tenant from the enjoyment of a part of the demised premises, the whole rent is suspended till the possession is restored.” Id., 218. The doctrine thus stated has been uniformly adhered to in this state. Edgerton v. Page, 20 N. Y., 281-283.
The reason for the rule is founded in the fact that it is the duty of the landlord to secure to the tenant the peaceable, undisturbed possession and enjoyment of the demised premises. By an unlawful entry he becomes a wrong-doer and the law will not lend its aid to enforce a covenant in favor of one who has deliberately violated it.
The plaintiff claims, however, that the defendant continued to occupy and enjoy the whole of the demised prem *84 ises for the full term. If this claim were true then no ■question would arise, and plaintiff would become entitled to the direction of a verdict. The evidence does not, however, •support the claim. This was not a trespass, it was a forcible appropriation of a portion of the demised premises for uses entirely inconsistent for the purposes desired. This was recognized by plaintiff as he claimed right of entry by virtue of an agreement with the tenant, but this claim the jury negatived. ' Plaintiff’s claims to recovery therefore become a question of law; he evokes the aid of Edgerton v. Page (supra) to sustain him.
There was a claimed constructive eviction by reason of the landlords’ allowing certain pipes to become out of order, whereby the premises were flooded with water and filth. The tenant continued to occupy the premises for the term of the lease, but failed to exercise the option of renewal secured by the lease, and, as he claimed, by reason of the aforesaid acts of the landlord. s
1 Judge Grower examined all the authorities and extracted therefrom a rule, which he states thus, “The true rule from all the authorities, is that while the tenant remains in pos: session of the entire premises demised his obligation to pay rent continues.” This has been frequently quoted and always adopted since. Boreel v. Lawton, 90 N. Y., 293.
The other cases cited by plaintiff support this, but do not go further. They are all without application here for the reason that entry complained of was actual, and to the extent of the occupation continued during the whole term. As before seen, such act worked a suspension of the rent. The subsequent payment of two quarters’rent does not have the effect of changing the rule; it did not change the ■obligations of the parties nor did it create new ones. The dispossession continued, and within the principle of the foregoing cases, the defendant could insist upon it at any time, when payment was attempted to be enforced. Germania Fire Ins. Co. v. Myers, 8 N. Y. State Rep., 349, People v. Gedney, 10 Hun, 151.
It follows that the motion for a new trial must be denied, with ten dollars costs._