Titus, J.
This action was brought to recover the rent of premises known as 191 Main street in this city. On the 7th day of March, 1889, the plaintiff, by a written agreement, leased to the defendant the fourth and fifth floors of her building on Main street? commencing on that day, and ending on the 1st day of May, 1892, at the annual rent of $550, payable monthly.
The lower part of the building was rented to other tenants. The lease contained the usual covenants requiring the defendant to pay rent, keep the premises in good repair during the term, and authorizing the lessor to enter upon the premises,.put up signs to let, etc. It contained the further covenant that the defendant should “ observe and keep all the rules and regulations of the gas and water companies supplying such premises with gas and water, and promptly pay their bills.” There was no agreement by the *665 plaintiff that gas and water should be supplied to the premises, nor was she required to perform any act with reference to such supply. It does not appear that the defendant ever abandoned the premises, but continued to occupy them up to the .time of the trial of this action. The court below refused to allow claims set up by both the plaintiff and defendant for alleged violations of the covenants contained in the lease, and gave a judgment for $92.21, being the rent for months of December and January, and interest.
The defendant, in his answer, claimed damages for being deprived of the use of water and for expenses incurred in fixing water pipes. It is the custom of the water commissioners to charge the water rates to the person occupying the premises, and if not paid to shut the water off. A bill of $17.50 was presented for the water used in the building, commencing the 1st day of November, 1889, up to May 1st of the following year.
The defendant refused to pay the bill unless Mr. Wick, a tenant on one of the floors below, who used water, would pay a portion of it; the water was shut off by the city, and before it could be again supplied the defendant was compelled by the city to have a separate pipe put in conducting the water to the floors occupied by him. It is now claimed that the defendant should have been allowed by the court below, and that sum deducted from the rent, $30.40, being the amount of rent which accrued during the period the water supply was shut off, and the further sum of $7.50,- the share which it is claimed the other tenant should have paid, and the expenses of making the necessary connections to supply his premises.
No proposition in law is better settled than that the tenant cannot, under a lease reserving rent, occupy the premises and then set up an eviction as a defense in an action for rent The two propositions are inconsistent with each other. If the tenant occupies the premises, he must pay the rent. If he would claim an eviction by the landlord as a defense, he must abandon the premises. Edgerton v. Page, 20 N. Y., 281; Johnson v. Oppenheim, 55 id., 280; Boreel v. Lawton, 90 id., 293.
There is no guaranty in the lease that the city shall continue to supply the premises -with water, and no duty rested upon the plaintiff to apportion the water bill among the tenants, or put separate water connections in the premises occupied by the defendant. The fact that the city exacted the payment of the whole bill cannot be Charged against the plaintiff. The defendant took the premises as they were, without any agreement that water would be supplied, and it does not appear that the plaintiff has done anything to interfere with his rights in the premises.
The defendant’s claim that there was a breach of the implied covenant in the lease for quiet enjoyment cannot be sustained. If lie would avail himself of such a defense, he must have abandoned the premises. Mortimer v. Brunner, 6 Bosw., 653.
We therefore think the court below properly rejected that item of the defendant’s counterclaim.
*666 The defendant’s claim to be allowed the water bill paid by him rests on no better foundation. He went into possession March 7, 1889, and the water bill was for water to be used from November 1, 1889, to May 1, 1890. It was payable on or before the 10th day of November, 1889, and appears to have been paid January 21 following. It is not claimed that the plaintiff ordered the water turned on for the use of the defendant, or ordered it turned off when he refused to pay. It is not claimed that the plaintiff interfered in any way between the tenants or between the defendant and the city. On the 'Contrary, it appears that she refused to have anything whatever to do with the matter. It was a question to be settled between the city and the defendant, and we are not aware of any law which makes the bill for water used in a building a charge against the owner or a lien upon the land, when it is used and ordered by°a tenant. There was no legal liability on the part of the plaintiff to pay the bill, and the city could not have enforced its payment against her. Such being the case, the payment by the defendant without her request was a voluntary payment, and' he cannot maintain an action for the monies so paid. It seems clear, therefore, that no error was committed by the court below, and the judgment should be affirmed, with costs.
Beckwith, Ch. J., and Hatch, J., concur