JANE McKENZIE et al., Executrices, etc., Respondents, *v.* LOFTUS D. HATTON, Appellant.

In an action to recover rent due under a lease of premises in the city of New York the defense was an eviction  The only act of the lessors upon which the defense was attempted to be supported was the giving to contractors for an excavation upon an adjoining lot a permit to enter on the premises, as required by the Consolidation Act (§ 474, chap. 410, Laws of 1882), in order to subject the party making the excavation to the obligation of protecting the building on the leased premises from injury. *Held*, that in the absence of any reservation in the lease of a right to enter for such a purpose, the permit of the lessors alone was insufficient to give a right of entry to the licensees, but the consent of the lessees was also necessary, and so, if the contractors entered without defendant's consent, for their trespass plaintiffs were not responsible, and the defense was not established.

Reported below, 70 Hun, 142.

(Argued December 15, 1893; decided January 16, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 30, 1893, which overruled defendant's exceptions and ordered judgment for plaintiffs on verdict directed by the court.

This action was brought to recover rent for three months of certain premises in the city of New York leased by the plaintiffs to defendant. The latter set up as a defense an eviction and interposed a counterclaim for damages on account thereof. A verdict was directed in favor of plaintiffs and

defendant's exceptions ordered to be heard in the first instance at the General Term.

The facts, so far as material, are set forth in the opinion.

*Foley & Powell* for appellant. An eviction from a material part of the premises suspends the rent of the whole ·while the eviction continues. (*Myers* v. *Burns*, 35 N. Y. 269; *Mark* v. *Patchen*, 42 id. 167; *People ex rel.* v. *Gedney*, 10 Hun, 155; *Hexter* v. *Knox*, 63 N. Y. 561; Taylor on Landl. & Ten. § 315; McAdam on Landl. & Ten. § 215; *H. L. Ins. Co.* v. *Sherman*, 46 N. Y. 372; *Christopher* v. *Austin*, 11 id. 216; *Edgerton* v. *Page*, 20 id. 281; *Carter* v. *Byran*, 17 N. Y. S. R. 700; *B. S. Co.* v. *Radsky*, 14 id. 82.) The defendant did not grant any license to the adjoining owner or his contractors to enter the premises. (*Wood* v. *Leadbetter*, 13 M. & W. 838; *Mumford* v. *Whitney*, 15 Wend. 380; *Cook* v. *Stearns*, 11 Mass. 533; *Bridges* v. *Blanchard*, 1 Ad. & El. 536; *Freeman* v. *Headley*, 33 N. J. L. 523; *Pratt* v. *Ogden*, 34 N. Y. 22.) A license granted on condition does not become operative as a license unless the condition is performed. (*Mumford* v. *Whitney*, 15 Wend. 385; *Pratt* v. *Ogden*, 34 N. Y. 22; *Freeman* v. *Headley*, 33 N. J. L. 523; 72 N. Y. 311; 108 id. 179.) The fact that it was for the interest of the owners, the plaintiffs, to protect their building, is not an element in this case. (*Sherwood* v. *Seaman*, 2 Bosw. 127.)

*Edward W. S. Johnston* for respondent. No error is presented warranting this court in setting aside the verdict that was directed below. (*L. O. N. Bank* v. *Judson*, 122 N. Y. 282.) The verdict was properly directed. (*White* v. *Mealio*, 5 J. & S. 72; *Johnson* v. *Oppenheim*, 55 N. Y. 280; *Edgerton* v. *Page*, 20 id. 281; *Lawrence* v. *French*, 25 Wend. 443; *Gallup* v. *A. R. W. Co.*, 65 N. Y. 1; *Ketchum* v. *Newman*, 116 id. 427.) The refusal of the court to allow the defendant to go to the jury on the question of an eviction, or the damages contained in his counterclaim, was justified. (*Boreel* v.

*Lawton,* 90 N. Y. 293; *Edgerton* v. *Page,* 20 id. 281; *Lounsbury* v. *Snyder,* 31 id. 514; *H. Ins. Co.* v. *Sherman,* 46 id. 370; *Sparks* v. *Bassett,* 17 J. & S. 270.)

Andrews, Ch. J.   The only act of the lessors upon which the defense of eviction is sought to be supported was the granting of the permit to the contractors for the excavation on the adjacent lot, to enter upon the leased premises " to do all things necessary for the purpose of preserving the walls and building from injury." The permit was given to comply with the conditions imposed by section 474 of the Consolidation Act (1882), in order to subject the party making the excavation to the obligation of protecting the building on the leased premises from injury therefrom. The permit of the lessors was not, however, alone sufficient to give a right of entry to the licensees. No entry could be lawfully made unless, in addition, the tenants consented. (*Johnson* v. *Oppenheim,* 55 N. Y. 280; *Sherwood* v. *Seaman,* 2 Bos. 130.) The right to enter for this purpose was not reserved to the lessors in the lease, and this made the consent of the lessees to such entry necessary to render the statute available. Both the lessors and the lessee were interested to impose upon the parties making the excavation the obligation to secure the leased building from any injury which might be occasioned thereby; the lessors because of their reversion, and the lessee because his obligation to payment would continue, notwithstanding the premises were rendered untenantable as the result of the excavation, so long, at least, as he retained possession. (*Johnson* v. *Oppenheim, supra.*) The covenant in the lease on the part of the lessors to repair was limited, and did not impose upon them an obligation to repair in case of injury from such a cause. This was the situation when the permit of the lessors was given. The permit was not a direction by lessors to the contractor to enter upon the premises. It was an authority simply, which would become complete when supplemented by a similar authority from the defendant. It is a clear inference from the evidence that the lessors and the

lessee so understood the transaction. The defendant testified that before the entry he was informed by the attorney for the lessors that the permit had been given, and on being assured that this was right he testifies that he made no objection. Here, so far as appears, the relation of the lessors to the transaction ended. The contractors, having the permit, subsequently went to the defendant and insisted upon the right to enter to shore up and brace the building, and the defendant stated that he had given them no authority, and informed them that he required to be secured against loss or damage, and that he would hold them responsible until he consulted counsel. The contractors insisted that they would enter "anyway," and then the defendant desired them to consult with his engineer. There is evidence that the defendant consented to the entry by the contractors and only objected after he found that the insertion of needle beams interfered with the use of his engine room. But if the contractors entered by force, without the defendant's consent, they were trespassers, and so also if they abused any license they had. For this the lessors were not responsible, for the clear import of the evidence is that they did nothing in act or intention hostile to the right of the defendant under the lease.

The judgment should be affirmed, with costs.

All concur, except Bartlett, J., not sitting.

Judgment affirmed.