## LUDINGTON v. SEATON.

(Supreme Court, Appellate Term. November 9, 1900.)

LANDLORD AND TENANT—EVICTION.

Where repairs on house are made with the consent of the tenant, the making thereof does not constitute an eviction, or operate as a surrender of the lease.

Appeal from municipal court, borough of Manhattan.

Action by Marietta Ludington against Mary C. Seaton. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

W. R. A. Koehl, for appellant.

B. L. Ludington, for respondent.

PER CURIAM. The evidence warrants the conclusion that the repairs on the house were made with the consent of the defendant, and therefore the making of such repairs did not constitute an eviction, or operate as a surrender of the lease and acceptance of the surrender by the plaintiff. Judgment affirmed, with costs to respondent.

---

## SILVERMAN v. LURIE.

(Supreme Court, Appellate Term. November 8, 1900.)

LANDLORD AND TENANT—RENT—CONSTRUCTIVE EVICTION.

In an action by a landlord for rent, a defense of constructive eviction is not available, there having been no surrender of the premises.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Isaac Silverman against Hyman Lurie. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

A. S. Weltfisch, for appellant.

M. Feltenstein, for respondent.

PER CURIAM. There is no weight to the defendant's contention that there is a nonjoinder of the parties plaintiff. The documentary evidence shows conclusively that the plaintiff is the only party in interest. Nor is there any weight in the defendant's claim that he was evicted from the premises. As a matter of fact, he was not either actually or constructively evicted from the premises, or any portion of them. He occupied them, and should pay the rent. It is well settled in this state that the defense of constructive eviction is not available to the tenant without a surrender of the premises. Boreel v. Lawton, 90 N. Y. 293.

Judgment reversed, and new trial ordered, with costs.