ANNA M. SIREY, Respondent, *v.* CECILIA BRAEMS, Appellant.

*Summary proceedings for non-payment of rent — a partial eviction of the tenant is a bar thereto.*

The eviction of a tenant from a portion of the demised premises suspends, during the continuance of the eviction, the right of the landlord to maintain summary proceedings against the tenant for non-payment of rent.

APPEAL by the defendant, Cecilia Braems, from a final order of the Municipal Court of the city of New York, borough of Queens, in favor of the plaintiff, made on the 13th day of July, 1901, in a summary proceeding to recover possession of land.

*Charles Haldane*, for the appellant.

*Clarence A. Drew*, for the respondent.

WILLARD BARTLETT, J.:

This was a summary proceeding in behalf of a landlord to recover possession of certain property described in the lease, which was made on February 20, 1901, as "the house known as the West Arverne Villa, comprising twenty-four rooms, situate on Dodge Ave., facing the Atlantic Ocean, Rockaway Beach, Borough and County of Queens, City & State of New York, together with the stables near Dodge Ave., also the surrounding grounds and lots belonging to the said described house as it now stands."

The proceeding was instituted by reason of the alleged default of

the tenant in paying $190 rent which was claimed to have been due on June 15, 1901.

It was admitted that this rent had not been paid, and the defense was an eviction of the tenant from a portion of the demised premises.

This issue raised the question as to the extent of the property embraced in the lease outside the house itself. There was a conflict of testimony on this point, but it seems to me that the proof preponderated so strongly in favor of the tenant that it is the duty of this court to grant a new trial on the ground that the judgment of the court below is against the weight of evidence.

As the demised property outside the house was not described by metes and bounds in the lease itself, it was proper for the trial court to receive oral evidence as to what was said by the parties just prior to the time of the execution of the instrument or coincidentally therewith, in reference to the premises which it embraced; and the record contains testimony from several witnesses in regard to statements of the landlord in this respect. At the time of the principal conversation on the subject a roughly drawn pencil plan of the premises was exhibited, and according to the testimony of the defendant the plaintiff then told her in substance that all the property represented within the inclosure upon that plan belonged to the house. The plaintiff admitted that this plan correctly showed the house and grounds, but testified that she told the defendant that she had not leased her all the property shown thereon, but only the ground extending to a distance of eight feet from the house. This statement, however, appears to have been made *after* the lease was signed. The plaintiff's claim that there was a limitation of eight feet was further disproved by her own admission that she intended to include in the lease a stable which was certainly more than eight feet distant from the house.

On the other hand, the evidence of the defendant to the effect that she was assured that the leased property embraced all the ground shown upon the plan, and that this assurance was given prior to the execution of the lease, was corroborated by the testimony of the defendant's mother and a druggist, who drew the lease, and who was apparently a wholly disinterested witness. The plaintiff when called in rebuttal omitted to deny the statement of this wit-

ness that she had told the tenant before the lease was signed that she rented her the house and all the surrounding ground.

It was undisputed that if the lease included the ground shown upon the plan, the tenant had been evicted from a considerable portion of the ground; and the defendant invoked the rule that such an eviction not only precludes the recovery of rent accruing subsequent to the eviction and while it continues, but also suspends the right of the landlord to eject the tenant by a summary proceeding for non-payment. (*People ex rel. Murphy* v. *Gedney*, 10 Hun, 151, and cases there cited.) In the case cited Mr. Justice DAVIS said: " The tenant having ceased by the act of his landlord to become legally liable for the rent, by a permanent occupation operating as an utter exclusion from a portion of the demised premises, the proceedings to remove him for non-payment of rent, cannot, we think, be upheld upon any sound principle of law."

For these reasons I think the judgment should be reversed.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and SEWELL, JJ., concurred.

Final order of the Municipal Court dismissing proceedings reversed and proceedings remitted to said court for new trial, costs to abide the event.