### BEAKES v. HAAS.

#### (Supreme Court, Appellate Term. October, 1901.)

1. LANDLORD AND TENANT—EVICTION—FUMIGATING, REPAPERING, AND REPAINTING AFTER CONTAGIOUS DISEASE—PROCEEDING FOR RENT—DEFENSE.

Where a tenant with the smallpox, which was in no manner contracted by reason of his relation as tenant, was quarantined, the fumigating, repapering, and repainting of his apartments by the landlord, under order of the board of health, was not an eviction, such acts being legitimate and necessary results of the tenant's sickness, which was in no manner chargeable to the landlord.

2. SAME—ABANDONMENT—SURRENDER OF POSSESSION.

The landlord's acts not having been followed by an abandonment of the premises and a surrender of possession to him constitute no defense to a summary proceeding for the nonpayment of rent, even if they amounted to a constructive eviction.

Appeal from municipal court, borough of Manhattan, Third district.

Summary proceeding for nonpayment of rent by Charles H. C. Beakes against Abraham Haas. From an order in favor of plaintiff for part of the rent claimed, he appeals. Reversed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Glover, Sweezy & Glover, for appellant.
Joseph Koch, for respondent.

McADAM, P. J. Proceedings were instituted by the landlord to dispossess the tenant from an apartment on the sixth floor of the apartment, No. 110 Riverside Drive, in the borough of Manhattan. The rent of the apartment was $1,600 per year, payable in install-

ments of $133.33 per month in advance. Default was made in the August and September rent, and the proceeding was to remove the tenant in consequence thereof. The justice found in favor of the landlord for $133.33, the September rent, but in favor of the tenant for the August rent, on the apparent theory of eviction during that month, which ceased prior to September 1st. It appears that on the 2d of July the tenant, who had become afflicted with the smallpox, was removed by the health authorities to North Brothers Island, where he remained for seven or eight days. The health department thereupon required that the tenant's rooms be fumigated, repapered, and repainted, etc., all of which was done by the landlord. The work was commenced in July, and finished some time in August, but on what particular day does not appear. The tenant never abandoned the premises, paid into court the September rent adjudicated against him, and still claims the benefit of the lease of the premises, and is in the full enjoyment thereof.

We are at a loss to discover how these facts establish an eviction of the tenant or any defense whatever to the proceedings. The tenant was not prevented from occupying the demised premises by any act of the landlord. On the contrary, any deprivation of use was the result of the tenant's misfortune in contracting a malignant disease which required the health authorities, for the public good, to quarantine the tenant for a reasonable time to prevent a spread of the evil. No attempt was made to prove the prevalence of a contagious disease in the house, nor does it appear that the tenant contracted the disease in the house, or that anything growing out of the relation between the parties had anything whatever to do with it. The fumigating, repapering, and repainting were done by command of the board of health and the assent of the parties, and were but legitimate and necessary results of the tenant's sickness, which is in no manner chargeable to the landlord.

Even if the acts arose to the dignity of a constructive eviction, they would constitute no defense, not having been followed by an abandonment of the premises, and a surrender of possession to the landlord. Boreel v. Lawton, 90 N. Y. 293, 43 Am. Rep. 170; McKenzie v. Hatton, 70 Hun, 142, 24 N. Y. Supp. 88, affirmed 141 N. Y. 6, 35 N. E. 929. The justice no doubt considered the disposition made by him equitable. The trouble is, it is without warrant in law. For these reasons the final order must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Order reversed, and new trial ordered, with costs to appellant to abide event. All concur.