(38 Misc. Rep. 123.)

HALL v. IRVIN.

(Supreme Court, Appellate Term.  May, 1902.)

1. RENT—SUMMARY PROCEEDINGS—COUNTERCLAIM.

Where a tenant remains until the end of the term in offices in a building which he knows is about to be altered under a consequent reduction of rent, he cannot defeat summary proceedings to dispossess him for nonpayment by showing that the alterations rendered his occupation less convenient, in the absence of evidence of an actual eviction, under Code Civ. Proc. § 2244, authorizing a defense in summary proceedings as though the claim for rent was the subject of the action.

2. SAME—CONSTRUCTIVE EVICTION.

There can be no constructive eviction without a surrender of possession.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Charles W. Hall against George C. Irvin.  From an order in summary proceedings taken for nonpayment of rent, plaintiff appeals.  Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Lemuel Skidmore, for appellant.
Henry Schmitt, for respondent.

FREEDMAN, P. J.  It was shown in this case by the landlord that the rent for the months of August, September, October, November, and December, 1901, and January, 1902, had not been paid, and that a demand therefor had been made, and that the tenant remained in possession of the demised premises without the consent of the landlord.  These facts were not disputed by the tenant, but his sole defense was a claim of an actual eviction of a portion of the premises by the landlord, and that such eviction continued during the months for which rent was claimed to be due.  By section 2244 of the Code of Civil Procedure a defense or counterclaim may be set up and established in a summary proceeding for nonpayment of rent, "in like manner as though the claim for rent in such proceeding was the subject of the action."  It has frequently been held that the eviction of a tenant from any portion of the demised premises suspends, during the continuance of the eviction, the right of the landlord against the tenant for the nonpayment of rent.  Sirey v. Braems, 65 App. Div. 472, 72 N. Y. Supp. 1044.  The foregoing case followed and cited the case of People v. Gedney, 10 Hun, 151, where it was held that, "where a tenant has been evicted from a portion of the demised premises of substantial value," he cannot be evicted in summary proceedings for nonpayment of rent so long as such eviction continues.  But the authorities have uniformly held that there must be an actual eviction, and from a substantial portion of the premises demised (Lewis v. Payn, 4 Wend. 423; Carter v. Byron, 49 Hun, 299, 1 N. Y. Supp. 905; Peck v. Hiler, 24 Barb. 178; Vermilya v. Austin, 2 E. D. Smith, 209; Johnson v.

Oppenheim, 12 Abb. Prac. [N. S.] 449; Lawrence v. French, 25 Wend. 443), as distinguished from any intentional and injurious interference by the landlord, or those acting under his authority, which deprives the tenant of the means or the power of beneficial enjoyment of the demised premises, or materially impairs such beneficial enjoyment, which would constitute a constructive eviction only. Applying these rules to the case at bar, I am convinced that the tenant failed to show upon the trial facts sufficient to warrant the jury in finding that there was an actual eviction by the landlord of the tenant from any substantial portion of the premises. There can be no constructive eviction without a surrender of the premises. Boreel v. Lawton, 90 N. Y. 297, 43 Am. Rep. 170; Thomson-Houston Electric Co. v. Durant Land Imp. Co., 144 N. Y. 44, 39 N. E. 7. The tenant in the case at bar remained in possession of all the rooms rented by him during the entire period for which rent is claimed. His main contention is that he was disturbed in the use and enjoyment of the offices leased by him by the extensive alterations made by the landlord in other parts of the building; that he was caused inconvenience in passing over the halls and the stairways; and that he was annoyed by the dust and noise, and by water, at times, leaking into his rooms from the ceiling overhead. He also claims that he was wholly deprived of the use of the water-closet and urinals on the floor where his rooms were located, and of the wash basin in those rooms. So far as the use of the water-closet and the urinals are concerned, it is sufficient to say that they were not an integral part of the rooms leased, and the tenant himself testifies that during the time they were removed, and new ones were being put in, he could have used the ones on the floor below; but, those being used by the workmen, he preferred to go elsewhere. This deprivation cannot be considered an actual eviction under the rule before stated. The wash basin was one of the appliances or conveniences of the rented rooms. The deprivation of its use temporarily was not an eviction of any portion of the rooms. The case of Hamilton v. Graybill, 19 Misc. Rep. 521, 43 N. Y. Supp. 1079, strongly relied upon by the respondent herein, carries the rule to the extreme limit, and it is generally conceded that it should not be extended; and even that case can easily be distinguished from the case at bar. In that case the landlord closed up a door which opened from the offices demised to the tenant into a hallway, and the court there held that "separate entrances to the rooms leased were integrally a part of the demise." The closing of the door actually cut off from and deprived the tenant of the use of a physical portion of the rented rooms. It was more than a mere interference with their enjoyment; the portion cut off could be measured in feet and inches. Such was the situation in the case of Sirey v. Braems, supra, and other cases cited herein. I have carefully read the testimony taken upon the trial, and can come to no other conclusion than that, although the tenant undoubtedly suffered great inconvenience and annoyance, and was materially interfered with in the complete enjoyment of the demised premises, which, had he vacated, might have enabled him to success-

fully defend an action brought against him for the rent on the ground of a constructive eviction, nevertheless he has failed to show such an actual eviction of any substantial portion of the premises leased by him as would entitle him to a suspension of the rent during the time he remained in possession. It may also be said that when the appellant executed the lease he was informed by the agent of the landlord of the nature and extent of the proposed alterations in the building, and paid only one-half the rent for a portion of the time, as agreed upon between the parties.

Final order reversed, and new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, J., concurs.

TRUAX, J. (concurring). In an action for rent the defendant cannot set up as a defense a constructive eviction while he remains in possession of the premises (Boreel v. Lawton, 90 N. Y. 247, 43 Am. Rep. 170); but it is equally well settled that a landlord cannot maintain an action for rent if the tenant is able to show an actual eviction from a portion of the premises (Sirey v. Braems, 65 App. Div. 472, 72 N. Y. Supp. 1044); that is, an actual eviction from a portion of the premises suspends a landlord's right to maintain an action for rent during the actual eviction, and this actual eviction would, under section 2244 of the Code of Civil Procedure, be a defense to the proceeding in like manner as though the claim for rent in such proceeding was the subject of the action. It therefore remains to be determined whether there has or has not in fact been an actual eviction of the tenant from a portion of the demised premises. The agreement between the landlord and the tenant was in writing, and was for "the offices or rooms Nos. 66, 67, 68, and 69 in the Nassau-Beekman Building, known as 140 Nassau street, * * * at the yearly rental of $1,000, payable in equal monthly payments in advance on the first day of each and every month during the said term." In said lease the lessee covenants that "the lessor shall not be responsible for any latent defects or change of condition in the said premises, nor other damage to the same, or to goods or other things contained therein, or for any overflow or leakage upon or into the premises from the croton water, or from any other source." I am of the opinion that the evidence does not show that the tenant was in fact deprived of the quiet and peaceable possession and enjoyment of the entrance, halls, elevators, stairways, and of his offices. All that the evidence shows is that the use of his offices was rendered less convenient to him. The evidence also shows that when the lease was made the landlord was making alterations in the building; that the tenant received a deduction in the rent of six months, part of which was applied to his then existing lease and part to this lease; and that, therefore, the words from the lease last above quoted that the lessor shall not be responsible, etc., prevent the tenant from claiming an eviction from a portion of the demised premises. I concur with Mr. Justice FREEDMAN.