### OLSON v. SCHEVLOVITZ.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. LANDLORD AND TENANT—NATURE OF TENANCY—SUFFICIENCY OF EVIDENCE.
   Evidence in summary proceedings by a landlord to recover possession for nonpayment of rent examined, and *held* to show that the tenancy was from month to month.

2. SAME—APPLICABILITY OF STATUTE.
   Laws 1896, c. 547, § 202, p. 591, providing that an agreement for the occupation of premises in New York City shall be deemed to continue until the 1st of May next after possession commences, has no application to a tenancy from month to month.

3. SAME—EVICTION—ALTERATIONS—TENANT'S CONSENT.
   The landlord of a leased storeroom made certain alterations and improvements; making the store deeper and the show window narrower, and furnishing the tenant with a separate entrance, in place of one previously used in common with the other occupants. The alterations did not reduce the general dimensions, nor injuriously affect the enjoyment of the premises or conduct of the tenant's business. The tenant had asked the landlord to make certain alterations, and his only objection consisted in a question put to the landlord's agent as to what was to be done. The alterations occupied about a month, and the tenant was allowed rent for a month as compensation for any inconvenience. The landlord's agent testified that the changes were made with the tenant's knowledge and consent. *Held*, that there was no eviction constituting a defense to summary proceedings for possession for nonpayment of rent.

Appeal from Municipal Court of New York.

Summary proceedings by Gustav Olson, as agent for Emily J. Olson, against Barney Schevlovitz. From a final order dismissing the petition, the landlord appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BARTLETT, JENKS, and HOOKER, JJ.

William W. Butcher, for appellant.
Max E. Lehman, for respondent.

HIRSCHBERG, P. J.   The proceedings were instituted for the removal of the tenant, and the recovery by the landlord of the possession of the demised premises, for nonpayment of the rent for the months of September and October, 1903.   The premises consisted of a store on Halsey street, in the borough of Brooklyn, and two rooms on the store floor.   The defense was that the tenant had been evicted by the landlord from a substantial portion of the demised premises, and that the right to recover either the rent or the possession of the premises was accordingly suspended during the period of eviction, on the theory of the decision of this court in Sirey v. Braems, 65 App. Div. 472, 72 N. Y. Supp. 1044.

The tenancy was monthly.   Of this there is practically no dispute. The hiring commenced in January, 1901, and continued under the same arrangement until the tenant refused to pay the rent for the months named in 1903.   On behalf of the landlord, it was distinctly testified to that the place was rented by the month, and no denial of this fact was made by or on behalf of the tenant.   On the contrary, the tenant admitted that he had been trying to get a lease of the premises for some time in vain; and while he does relate a conversation with the landlord's agent in May, 1903, from which it is sought to draw the inference that he received permission to remain for a year, the conversation is wholly insufficient to support a finding of the creation of a yearly tenancy, in view of the positive denial by the agent, and the undisputed fact that it is in conflict with the terms of the original hiring, and the avowed policy of the landlord on the question of tenure. The statute in relation to tenancies in New York City, viz., the real property law (section 202, c. 547, p. 591, Laws 1896), has no application to a case like this, where the term is fixed by the month.   Gilfoyle v. Cahill, 18 Misc. Rep. 68, 41 N. Y. Supp. 29.

The alleged eviction consisted of certain alterations and improvements in the store by the landlord in the summer of 1903, with the obvious consent of the tenant.   They resulted in making the store deeper, and the show window narrower—a new front being put in, and the tenant furnished with a separate entrance, in place of one which he was previously using in common with the other occupants of the building; but the alterations did not reduce the general dimensions of the store, nor did they injuriously affect the enjoyment of the demised premises, or the conduct of the business carried on by the tenant.   The only pretense of a complaint about the alterations which the tenant claims he made was with reference to the very commencement of the work, and his testimony on that point is as follows:

"Q. Who did you complain to?  A. I complained to Mr. Olson at the time he started it up.   Q. What did you say to him?   A. I said, 'What is that to be done?' and then he said, 'Don't ask me.'   Q. That's all you did?   A. Yes. Q. That is the only complaint you made during the whole time?   A. For the whole time."

The tenant admitted that he had asked the landlord to make certain alterations, and that he carried on his business during the time the

alterations were in progress, without, so far as appears, any loss or serious inconvenience. The making of the alterations occupied about a month. They were done, as the agent of the landlord testified, with the tenant's knowledge and consent; and after they were completed the tenant was allowed the rent for the month of August, 1903, as compensation for any inconvenience to which he may have been subjected. Under these circumstances, there was no eviction. There could be no constructive eviction without an actual abandonment. Boreel v. Lawton, 90 N. Y. 293, 43 Am. Rep. 170. And alterations, improvements, or repairs made with the consent of the tenant do not constitute an eviction. Ludington v. Seaton, 32 Misc. Rep. 736, 66 N. Y. Supp. 497. The case of Sirey v. Braems, supra, on which the decision of the Municipal Court herein is based, was very different. There there was an actual, physical eviction of the tenant from a considerable portion of the leased ground, while here there were only substantial improvements, which the tenant does not claim resulted in the slightest injury to him, and which, from the nature of his testimony as to the only complaint or objection which he made during their progress, it is impossible to believe were made without his full concurrence.

The final order or judgment should be reversed, and the proceedings remitted for a new trial.

Final order of the Municipal Court reversed, and proceedings remitted to that court for a new trial; costs to abide the event. All concur.