## MAHONEY v. BROADWAY BREWING & MALTING CO.

(Supreme Court, Trial Term, Erie County. December, 1907.)

1. LANDLORD AND TENANT—EVICTION OF TENANT—WHAT CONSTITUTES.

Where a lease authorized the landlord to re-enter to make repairs, and required the tenant to leave the premises in as good condition as reasonable use and wear would permit, and to prevent waste, and the premises were vacated by one holding under the tenant, being left unoccupied, excepting by furniture, etc., belonging to the tenant, the landlord did not constructively evict the tenant, so as to release him from paying further rent by nailing boards over windows broken out while the building was unoccupied; the tenant having ignored the landlord's notification as to the unprotected condition of the property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 695–703, 765.]

2. SAME—CONSTRUCTIVE EVICTION—EFFECT.

A constructive eviction of a tenant, not followed by abandonment of the premises and a surrender of possession to the landlord, is no defense to an action for rent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 695–703, 765.]

Action by Dennis Mahoney against the Broadway Brewing & Malting Company for rent. Judgment for plaintiff.

L. J. Collins, for plaintiff.
J. P. Schattner, for defendant.

WHEELER, J. This action is brought to recover for rent alleged to be due and unpaid. The defense is that the defendant was evicted from the premises in question by the acts of the lessor. An amendment to the answer becomes necessary to enable the defendant to raise the defense of eviction, and it is contended by the plaintiff such an amendment should not and cannot properly be allowed by the trial

court. For the purposes of this action, however, we shall treat the case as though the defense of eviction had been properly set up in the answer.

The essential facts of the case are undisputed. It appears that the plaintiff by written lease rented to the defendant the premises known as No. 301 Louisiana street, in the city of Buffalo, for a term beginning October 1, 1905, and ending May 1, 1906. A man by the name of Keefe opened a saloon in the place under some arrangement with the defendant. After the expiration of about two months Keefe vacated the premises, leaving in the place certain bar fixtures and other furniture, which the evidence shows was the property of the defendant. The property being unoccupied, many windows in the building were broken—the proof shows between 50 and 60 in number. In some places the window sash was broken and the building rendered liable to be entered. The defendant was notified of the unprotected condition of the property; but it did nothing. Thereupon the landlord, the plaintiff, for the purpose of protecting the property and preventing further waste and damage, nailed boards over the windows and openings caused by the window lights being broken out. It is claimed these acts of the landlord constituted a constructive eviction, and the tenant thereby ceased to be liable for rent. It appears the keys to the premises were tendered the plaintiff, and he refused to accept them. It also appears that the furniture and saloon fixtures were left in the saloon and not removed. We think that under the circumstances the plaintiff had a right to protect his property from waste, and his acts did not amount to an eviction or absolve the defendant from liability for rent.

The lease expressly provides that the tenant should "use all reasonable precaution to prevent waste." It further authorized the landlord "to enter the said premises at all reasonable times of the day to examine the said premises, or to make such repairs therein as shall, by the said party of the first part, be thought requisite." The lease also provided that the tenant agreed "to leave said premises at the expiration of the said term in as good state and condition as reasonable use and wear thereof will permit." The tenant thus obligated himself to prevent waste and to return the property in as good condition as received. These obligations the evidence shows it neglected to observe, although notified of conditions and requested to protect the property. Under such circumstances it seems clear to the court the landlord had the right to enter the leased premises and do what was proper to secure and protect the property from further damage and waste. This was all he did. He was simply doing what it was the duty of the defendant to do in the premises. Under such circumstances, it would seem unreasonable to hold that the landlord in law terminated the lease by his efforts to save both the tenant and himself from loss by neglect of the defendant—especially where those acts in no way ousted the defendant from possession of the leasehold premises and it could at any time restore the premises to the condition it agreed to keep them in by simply taking off the boards nailed over the windows and putting in the required glass and broken sash.

An entry in the premises by the landlord, with the express or im-

plied assent of the tenant, to make repairs therein or to preserve the property, does not constitute an eviction. McKenzie v. Hatton, 141 N. Y. 6, 35 N. E. 929. It is also the law that a constructive eviction, not followed by abandonment of the premises and a surrender of possession to the landlord, constitutes no defense to an action for rent. Beakes v. Haas, 36 Misc. Rep. 797, 74 N. Y. Supp. 843; Boreel v. Lawton, 90 N. Y. 293, 43 Am. Rep. 170; McKenzie v. Hatton, 70 Hun, 142, 24 N. Y. Supp. 88, affirmed 141 N. Y. 6, 35 N. E. 929. The evidence is that there was no abandonment of the premises; but, on the contrary, it left in the saloon the furniture and bar, which the testimony shows belonged to the defendant.

These considerations compel the court to direct judgment for the plaintiff. So ordered.