DANIEL JENKINS AND IVIE L. JENKINS, RESPONDENTS, v. JULIUS SCHNEIDMAN, APPELLANT.

Submitted February 12, 1926—Decided May 17, 1926.

1. In a suit for rent of an apartment, the tenant cannot successfully set up damages suffered by him, as a consequence of injuries sustained by his wife through the tortious acts of his landlord, and,

consequently, in a suit by the tenant, against the landlord, for damages based upon such tortious acts, a defense interposed, as a bar, that the rights of the tenant were adjudicated in a previous suit for the rent, was properly stricken out.

2. Where a defendant landlord was in full supervision and control of the heating system of his apartment house and of the coal supplying the heating plant, by means of which system the plaintiff's apartment was supplied with heat and hot water, and had full knowledge that noxious vapor was escaping from the heating plant and permeating the plaintiff's apartment, thereby causing her to become ill, and had promised to have the evil complained of remedied, and had failed in the discharge of his promise, to the impairment and injury of plaintiff's health, the issue involved was for the consideration and determination of the jury.

3. In an action to recover damages for injuries received by the wife of a tenant from noxious gas fumes from a heating apparatus operated and controlled by the landlord, even if it be assumed that the plaintiff, by staying in the premises after she had full knowledge of the risk to which she was exposed, would not be entitled to damages sustained after that time, such a situation could only affect the amount she would be entitled to recover, and would not impair her right to recover for damages sustained before she became aware of the danger.

On appeal from the Atlantic County Circuit Court.

For the appellant, *Carr & Carroll.*

For the respondents, *Cole & Cole.*

The opinion of the court was delivered by

KALISCH, J.   The respondents, plaintiffs below, husband and wife, as tenants of the appellant, defendant below, occupied four rooms on the second floor of a certain apartment house, of which the defendant was the owner and lessor. The appellant had installed a heating device in a furnace room upon the ground floor of the apartment building for the furnishing of heat to the tenants of the various apartments. While in occupation of the apartment, the female plaintiff, on several occasions, became ill, which illnesses were attributed to carbon monoxide poisoning produced by coal gas escaping from the aforementioned heating device. The present action was brought by the plaintiffs-respondents against

the ·defendant-appellant to recover damages for the injuries sustained by the female plaintiff from the poisoning and consequent illnesses, and in which action her husband joined to recover moneys laid out and expenses incurred by him on account of the injuries sustained by his wife, and for loss of *consortium*. From the judgment entered upon the verdict in favor of the plaintiffs against the defendant in the court below, the latter has taken this appeal.

The first ground upon which counsel for appellant seeks a reversal of the judgment, under review, is that the court erroneously struck out the first defense interposed in the defendant's answer as a bar to the husband's claim, which defense, in substance, sets forth that the rights of the plaintiff Daniel Jenkins were adjudicated in an action, lately pending in the Atlantic City District Court, wherein he was a defendant and the present defendant-appellant was the plaintiff, to recover rent due from the former to the latter for the apartment mentioned in the plaintiff's complaint, and that there was a judgment in favor of the appellant, the plaintiff in that action, and that the matters and things set forth in the complaint were available to the husband plaintiff as a defense, and that so far as he was concerned the matter is *res adjudicata*.

The defense interposed was properly struck out. The husband could not have successfully set up damages suffered by him, as a consequence of injuries sustained by his wife through the tortuous acts of the landlord, as a bar to the landlord's right to recover rent due him from the husband, under the lease of the apartment.

In *Boreel* v. *Lawton,* 90 *N. Y.* 293, where the lessor permitted rooms above those occupied by the lessee as a lawyer's office to be used for the business of printing, which disturbed the lessee and compelled him sometimes to leave his office, and broke the ceilings and damaged the furniture and books by leakages, in an action brought by the landlord for rent, it was held that the defendant could not counter-claim the damage sustained by him against the rent. The reasoning of Chief Justice Andrews, who delivered the opinion of the

Court of Errors and Appeals, is as follows: "Whether the defendant, upon the facts stated, could have abandoned the premises and pleaded an eviction to an action for rent subsequently accruing, or whether he now may maintain an action for the wrong of the plaintiff, need not be considered. It is sufficient to say that assuming he has a right of action, it does not arise out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim, nor is it connected with the subject of the action, nor is it a cause of action on contract. It could not therefore be the subject of a counter-claim."

And this portrays strikingly the situation which prevailed when the defendant in the case *sub judice* brought his action against the plaintiff in the Atlantic City District Court. The latter could not properly set off his claim against the landlord's action for rent, because, *firstly,* the plaintiff's claim was for unliquidated damages (*Slaytor-Jennings Co.* v. *Specialty Paper Box Co.,* 69 *N. J. L.* 214), and *secondly,* because the plaintiff's demand exceeded the sum of $500 over which the District Court has no jurisdiction. *Bowler* v. *Osborne,* 74 *Id.* 216. Since the jurisdiction of the District Court is limited to controversies not exceeding the sum of $500, the plaintiff could not properly have filed his counter-claim for damages in the action brought by his landlord to recover rent due, since the plaintiff's claim for damages exceeded the sum mentioned. The statute of 1922, entitled "An act concerning District Courts (R sion, 1898)—*Pamph. L.* 1922, *p.* 357—was not involved in the controversy.

There was a motion for a nonsuit and a direction of a verdict for the defendant at the close of the entire case, the defendant having rested without offering any testimony.

The appellant was not entitled to prevail on either of these motions. The proof was plenary that the apartment which the plaintiffs occupied was at different intervals pervaded with the odor of coal gas, to which the attention of the appellant was repeatedly called by the husband, who informed the former that the fumes were making the latter's wife ill, and that in consequence the defendant called, and after exam-

ining the plaintiff's apartment to ascertain where the fumes came from and not finding any cause therefor, therein made the remark that it was coal gas, and that he would have that remedied; that the furnace was bad and he would try to rectify it, and that "he would have a man in and would use better coal, and that he did, and bought larger coal and for a little while it was better, but it started right over again." There was more testimony to the same effect. There was also testimony which tended to establish that coal gas was the producing cause of the plaintiff's wife's illness, which was that of gas poisoning.

The facts, as disclosed by the record, present the situation of the defendant-landlord, in full supervision and control of the heating system of his apartment house and of the coal supply for the heating plant, by means of which system the plaintiff's apartment was supplied with heat and hot water, and having full knowledge that noxious vapor was escaping from his heating plant and permeating the plaintiff's apartment thereby causing her to become ill, promising and undertaking to have the evil complained of remedied, and failing in the discharge of his promise and undertaking by continuing a private nuisance to the great impairment and injury of the female plaintiff's health. In the light of these circumstances the issues involved were for the consideration and determination of a jury.

There is no merit in the contention, on behalf of the appellant, that the defendant was entitled to a nonsuit at the close of the plaintiff's case and to a directed verdict at the close of the whole case, because the plaintiffs assumed the risk of danger from the escaping gas and knew of its deleterious character, and, notwithstanding this knowledge, remained in possession of the premises.

A sufficient answer to this contention is that, according to the testimony, it does not appear that the female plaintiff was made fully aware of the danger to be apprehended from the escaping gas until after she had become ill from its effects and was attended by a physician, and then the landlord promised and undertook to remedy the evil, and for a period of

time thereafter there was a cessation of the noxious gas fumes, and until the poisonous vapor started to spread anew, causing the plaintiff's wife to become ill again. Even if we assume that the appellant's argument, that the plaintiff, by staying in the premises after she had full knowledge of the risk of danger to which she was exposed, would not be entitled to damages sustained by her after that time was sound, but which is not necessary to decide here, it is quite manifest that such a situation could only affect the amount of damages to which she would be entitled to recover and not in anywise have the effect to destroy the plaintiff's right to a recovery of damages sustained by her, before she was made fully aware of the danger to which she was being exposed by remaining in the apartment.

The judgment is affirmed, with costs.

*For affirmance*—TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.