MAY 1803.

Green
vs
Stone

taining the money is contrary to equity and right. That the defendant may resort to any equitable or conscientious defence to repel the claim of the plaintiff, and may show the justice of his original claim; and that the plaintiff may show he had not any assets to pay the debt due from *A. C. Green* to *Couden*, and is not in law or justice liable to pay the same; and that the account filed in the cause of *Couden's* administrator against *Green's* administrator, is not made competent evidence by the confession in the record, the award filed and the rendition of the judgment so reversed, if, independent of such circumstance, it is not legal evidence.

A judgment reversed becomes mere waste paper, and the rights of the party, immediately on the reversal, are restored to the same situation in which they were prior to the pronouncing of the judgment so reversed.

The defendant excepted. Verdict and judgment for the plaintiff for £150 current money, damages, and costs.

The defendant appealed to the Court of Appeals; but the case *abated* in that court at November term 1804, by the death of the Appellant.

## GENERAL COURT, MAY TERM, 1803.

### WOLF *vs.* RODIFER.

*Proof of words spoken in the second person will not support a declaration in an action of slander laying them in the third person.*

APPEAL from Allegany county court. It was an action of *slander*, brought by the appellee against the appellant. The declaration charged the appellant with proclaiming, &c. the following false, malicious, and scandalous English words of the appellee, viz. "That *he* the said *Joseph* was a thief, and *had stolen* one pine plank, and that he the said *John* would prove it." The general issue was pleaded; and the plaintiff, at the trial in the county court, gave in evidence to the jury, that the defendant, in the presence of the plaintiff, said *"you are a thief, for you stole a plank,*

MAY 1803.

Wolf
vs
Rodifer.

*and I can prove it.*" The defendant prayed the opinion of the court, and their direction to the jury, that such evidence was not sufficient in law to support the declaration of the plaintiff. BUT THE COUNTY COURT refused to give the direction prayed, being of opinion that the evidence offered was sufficient. The defendant excepted, and the verdict and judgment being for the plaintiff, this appeal was prosecuted by the defendant.

*Perry*, for the Appellant. The words, it will appear by the declaration, are laid in the third person, "that he the said *Joseph* was a thief, and had stolen," &c. And the proof adduced by the plaintiff below is in the second person, "you are a thief, for you stole a plank, and I can prove it," which were not sufficient to prove the words as charged. He cited *Esp.* 266. *Bull. N. P.* 5.

*Johnson* and *Buchanan*, for the Appellee.

THE COURT. Let the judgment be reversed.
JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

## GENERAL COURT, MAY TERM, 1803.

### BULL's Lessee *vs.* SHEREDINE.

Where a sheriff's return on a *fieri facias*, and his conveyance of the land, sold under it, are apparently regular, the title cannot be divested out of the purchaser except by proof of fraud or collusion between him and the sheriff.

EJECTMENT for a tract of land called *Preston's Choice*, lying in Harford county. The general issue pleaded.

The plaintiff, at the trial, deduced a regular title from the grantee of the land for which the suit was brought, down to *Bernard Preston*, who on the 25th of September 1789, conveyed it to *Benjamin Preston.* That before this conveyance, a judgment was obtained in Harford county court, at November term 1787, by *Preston* and *Johnson*, against the said *Bernard Preston;* upon which judgment a *scire facias* issued against *Benjamin Preston* as terre-tenant of *Bernard Preston*, and *fiat* obtained thereon at March term 1799.