ELEANOR P. ROBINSON *vs.* HENRY PROCKTER.

Lincoln.   Opinion February 6, 1925.

*A declaration in slander alleging that the words were spoken of and concerning the plaintiff in the presence and hearing of third persons, "and in conversation with them," and setting out the alleged defamatory words in the second person, is not fatally defective on general demurrer.*

In the instant case the language of the declaration is not necessarily inconsistent; it may well be that the defendant while engaged in conversation with third persons, the plaintiff standing by, used language in the second person as set out.

Where the libel or slander is prima facie or per se actionable, a declaration stating the defendant's malicious intent and the defamatory matter, showing that it refers to the plaintiff, is sufficient without any prefatory inducement of the circumstances under which the words were spoken, and if unnecessarily an inducement be stated, it is not material to prove it.

On exceptions. An action of slander. The defendant filed a general demurrer to the declaration alleging that it was fatally defective because the colloquium and the words alleged to be actionable as set out were inconsistent.

The demurrer was overruled and exceptions taken.   Exceptions overruled.

The opinion states the case.

*George A. Cowan,* for plaintiff.

*Emerson Hilton and Weston M. Hilton,* for defendant.

SITTING: CORNISH, C. J., PHILBROOK, MORRILL, STURGIS, BARNES, JJ.

MORRILL, J. The defendant having filed a general demurrer to the declaration in an action of slander, presents this case upon exceptions to an adverse ruling.

He maintains that the declaration is fatally defective because the colloquium and the words alleged to be actionable as set out are inconsistent; more specifically stated, that the allegation that the words were spoken of and concerning the plaintiff in the presence and hearing of third persons, "and in conversation with them," is equivalent to a charge that the words were spoken in the third person, and is inconsistent with the alleged defamatory words as set out in the second person: "You are no better than he is." "You are keeping a house of ill fame." He relies upon the principle applicable to the consideration of evidence upon the trial of such causes, that a charge of words spoken in the third person is not supported by evidence of words spoken in the second person, "there being a difference between words spoken in a passion, to a man's face, and deliberately behind his back." *Miller* v. *Miller*, 8 Johns., 74; *McConnell* v. *McCoy*, 7 S. & R., 226; *Wolf* v. *Rodifer*, 1 Har. & J. 409 (Md.); *Sanford* v. *Gaddis*, 15 Ill., 229; *Williams* v. *Harrison*, 3 Mo., 290; and that a charge of words spoken in the second person is not supported by proof of words spoken in the third person. 2 Greenleaf on Evidence, Section 414; *Culbertson* v. *Stanley*, 6 Blackf. (Ind.), 67; *McCarty* v. *Barrett*, 12 Minn., 398. In effect the contention is that, as the words alleged to be actionable are set out in the second person, the allegation should have been that they were uttered *to* the plaintiff.

The answer to this contention is two-fold. First. Whatever the evidence might have shown upon a trial, we think that the language of the declaration is not subject to such restricted construction, and is not necessarily inconsistent. It may well be that the defendant while engaged in conversation with third persons, the plaintiff standing by, used language in the second person as set out.

Second. Without the words first quoted, creating the alleged inconsistency, the declaration is sufficient. "Where the libel or slander is prima facie or per se actionable, a declaration stating the defendant's malicious intent and the defamatory matter, showing

that it refers to the plaintiff, is sufficient without any prefatory inducement of the circumstances under which the words were spoken, and if unnecessarily an inducement be stated, it is not material to prove it." 1 Chitty Pleading, 16th Amer. Ed., Page 520. *Robinson* v. *Keyser*, 22 N. H., 323. The words imputing the keeping of a house of ill fame are clearly actionable per se. *Shepherd* v. *Piper*, 98 Maine, 384. *Davis* v. *Starrett*, 97 Maine, 568. The declaration must be held good.

*Exceptions overruled.*